**Winnie Mae KNUCKLES et al., Plaintiffs-Appellants,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 73–3207

United States Court of Appeals, Ninth Circuit.

Jan. 2, 1975.

Marjorie Gelb, Legal Aid Society of Alameda, Oakland, Cal., for plaintiffs-appellants.

Kathryn H. Baldwin and James C. Hair, Jr., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BARNES and SNEED, Circuit Judges, and MILLER,* Judge, Court of Customs and Patent Appeals.

ORDER

There are two matters before this panel as of the hearing date, (1) the motion of the appellee to dismiss the appeal as moot (filed on November 27, 1974); and (2) the appeal on the merits from the trial court's dismissal of plaintiffs' cause of action based on lack of jurisdiction.

As to the Motion to Dismiss, it is based upon the Social Security Administration decision (made subsequent to the district court's decision below), that it

---

* Honorable Jack R. Miller, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

should and did sustain the claims of Mrs. Knuckles and Mrs. Johnson and restored them to full benefit status before the briefs were filed on this appeal.

However, after a hearing, Mrs. Asbury's claim has been denied, as shown by the documents filed December 5, 1974, in support of said motion filed November 27, 1974.

Such documents also show that Mrs. Asbury's case before the Administration is not final, and was not on December 13, 1974 (the hearing date), because she has until 60 days after October 17, 1974, to request the Appeals Council of the Administration to review it.

For this reason, we decline to grant or approve the motion to dismiss as to appellant Asbury.

Nor do we hold the issue is moot as to any appellant.

A case is not moot if it is "capable of repetition, yet evading review." Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); see also United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953), Aurora Education Association v. Board of Education, 490 F.2d 431, 435 (7th Cir. 1974).

The proponent of mootness has the "heavy burden of persuasion." United States v. Concentrated Phosphate Export Association, Inc., 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). This is alleged to be a class action suit and there appears that to many possible members of this class, there exists a reasonable expectation that the wrong alleged may be repeated. That expectation is not clearly "a mere speculative contingency." De Funis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

The motion to dismiss the appeal is denied.

As to the merits, we have the problem whether plaintiffs have the right to challenge the constitutionality of the summary ex parte suspension of their social security payments by the appellee, Secretary of Health, Education and Welfare, Caspar Weinberger, without affording proper notice and a prior evidentiary hearing.

The district judge dismissed the action for lack of subject matter jurisdiction. He found that jurisdiction was not appropriate under 28 U.S.C. § 1361 because "the nature and scope of the duties sought to be compelled are not plainly and positively ascertained, and free from doubt."

The court below relied on Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218–219, 50 S.Ct. 320, 74 L.Ed. 809 (1930). More on point would have been a case cited at 219 of Wilbur, Roberts v. United States, 176 U.S. 221, 231, 20 S.Ct. 376, 44 L.Ed. 443 (1900), which held that the fact that a statute requires construction by the administrator or the court in order to determine what duties it creates does not mean that mandamus is not proper to compel the officer to perform the duty, once it is determined.

See also Carey v. Local Board No. 2, 297 F.Supp. 252, 254–255 (D.Conn.1969), aff'd 412 F.2d 71 (2nd Cir. 1969).

Plaintiffs in the case at bar argue that the Secretary is commanded to do a particular act, i.e., give proper notice and an evidentiary hearing, by virtue of a particular clause of the constitution: the due process clause. The situation is the same as that in Roberts and Carey: once the court interprets the law, the defendant's duty will be clear; the court is not telling the defendant how to exercise his discretion.

Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir. 1970) is inapposite. That case did not involve an attack on a procedure as unconstitutional on its face.

We, of course, express no opinion as to the merits of the appellants' position. We hold that the issues raised must be determined by the trial court. We therefore reverse and remand for further proceedings.