**Ramon KAPP, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. C–81–644 RPA.**

United States District Court, N.D. California.

Nov. 9, 1981.

Alan R. Bergman, San Francisco, Cal., for plaintiff.

Joseph Russoniello, U.S. Atty., San Francisco, Cal., for defendant.

## OPINION AND ORDER

AGUILAR, District Judge.

### FACTS

This action is before the Court on the Secretary of Health and Human Services' motion to dismiss plaintiff's complaint for judicial review of an adverse decision made by defendant regarding plaintiff's claim for disability benefits. The Secretary contends that this action should be dismissed because this Court is without subject matter jurisdiction to entertain the action.

Over the past five years plaintiff has filed three different applications for disability benefits, each application alleging that he became disabled on March 17, 1976. The first application was filed on August 24, 1976. The claim was denied at the initial level of consideration and plaintiff was notified of the decision. Plaintiff did not request reconsideration of this decision. The second application was denied on August 17, 1977 on the grounds that the res judicata effect of the denial of the first application was conclusive as to the second application. Plaintiff did not request reconsideration of this decision. Plaintiff filed a third application for disability on November 29, 1979. The claim was denied initially and upon reconsideration as barred by the doctrine of res judicata. Contrary to his actions with regard to the first two applications, plaintiff requested a hearing before an administrative law judge (hereinafter "ALJ") to review the denial of his third application for benefits. The ALJ dismissed the request for a hearing on the grounds that the doctrine of res judicata barred further review, stating that plaintiff had two previous determinations with respect to the same rights and issues involved.

The ALJ further determined that no new and material evidence had been submitted to warrant any ·change in the previous determinations denying plaintiff's applications for benefits.

After the ALJ's decision, plaintiff submitted three pieces of new evidence that he alleged justified reopening of the decision on the merits. On September 24, 1980 the ALJ reaffirmed his previous order of dismissal stating that he found no new and material evidence to disturb the prior determinations. Plaintiff then requested review of the ALJ's decision with the Appeals Council, which decided on October 23, 1980 that there was no cause to grant the request for review of the dismissal. Plaintiff then submitted additional medical evidence to the Appeals Council. The Appeals Council found that while this evidence was new, it was not material to the issues in plaintiff's case. Following this decision, plaintiff brought his action for review of the decision dismissing his request for a hearing, and the decision not to reopen his previous applications.

In support of the motion to dismiss the Secretary contends that the case of Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), requires that the Court find that it has no subject matter jurisdiction to review the Secretary's decision because the doctrine of res judicata was applied at the administrative level to plaintiff's application for benefits. The Secretary further contends that plaintiff's present application does not come within the jurisdictional grant of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), because the requirements of 205(g) that provides for judicial review of "any final decision of the Secretary made after a hearing" are not met here. In making this contention the Secretary argues that there was no final decision on plaintiff's third application because · it was dismissed. Therefore, there would be no jurisdiction to review the Secretary's determination applying the doctrine of res judicata and not allowing plaintiff a new hearing.

In response, plaintiff argues that defendant's res judicata argument is inapposite. Plaintiff states that the basis for jurisdiction alleged in his complaint is not section 205(g). Rather, plaintiff alleges jurisdiction based upon: 28 U.S.C. 1331; 28 U.S.C. 1361; the Administrative Procedure Act, 5 U.S.C. 701 et seq.; and the Due Process Clause of the Fifth Amendment. Plaintiff further asserts that Califano specifically recognized an exception to its holding to review questions regarding the constitutionality of the application of the Social Security Act.

DISCUSSION

The case of Califano v. Sanders, supra, addresses two issues. The first issue is whether section 10 of the Administrative Procedure Act, 5 U.S.C. 701–706, is an independent grant of subject matter jurisdiction to district courts to review a decision not to reopen a previously adjudicated claim for social security benefits based upon the application of the res judicata doctrine. The second issue is whether section 205(g) authorizes judicial review of that decision.

The facts of Califano v. Sanders are similar to the case at bar. In Califano the plaintiff had filed a claim for disability benefits which had been denied at all administrative levels. The plaintiff did not seek judicial review under section 205(g) of the denial of this first application for benefits. Almost seven years later, the plaintiff filed a second claim for benefits alleging the same bases of disability. The ALJ applied the doctrine of res judicata and held that the plaintiff's previous application for benefits could not be reopened and so barred consideration of the second application. The plaintiff then brought suit in the district court seeking federal judicial review of this decision. The plaintiff's bases for jurisdiction were section 10 of the Administrative Procedure Act and section 205(g) of the Social Security Act.

In examining whether the district court had subject matter jurisdiction under the Administrative Procedure Act to consider the complaint for review, the Supreme Court in Califano held that Congress had

not intended to provide a new basis for federal question jurisdiction in the Act. In so holding the Court looked to the fact that when Congress amended 28 U.S.C. section 1331 (which eliminated the amount-in-controversy requirement for bringing suit against the United States or an agency thereof in the federal court) Congress retained section 205(h). That section provides:

> [N]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under [1331 *et seq.*] ... of Title 28 to recover on any claim arising under this subchapter. 42 U.S.C. section 405(h).

The Supreme Court found that section 1331 of Title 28 and section 205(h) of the Social Security Act read together expressed the Congressional intent as to the contours of federal subject matter jurisdiction. Therefore, the Court held that the Administrative Procedure Act did not provide an independent basis for federal subject matter jurisdiction to review a decision of the Secretary. Thus, to the extent plaintiff's complaint bases jurisdiction on the Administrative Procedure Act and 28 U.S.C. section 1331, *Califano v. Sanders* requires this Court to find that it has no subject matter jurisdiction over plaintiff's action.

■ Although plaintiff has not based jurisdiction of this action pursuant to section 205(g) of the Social Security Act, a brief analysis of the Supreme Court's holding with respect to this section and the jurisdictional question there involved will be instructive to the Court's decision following.

> Section 205(g) provides in relevant part: Any individual, after any final decision of the Secretary made after a hearing of which he was a party ... may obtain judicial review of such decision by commencing an action within sixty days after the mailing to him of notice of such decision ....

In *Califano v. Sanders* the Supreme Court considered the contention that section 205(g) of the Social Security Act should be construed to authorize judicial review only of a *final decision* of the Secretary not to reopen a claim for benefits. The Court found that section 205(g) review is limited to a particular type of agency decision, that decision being a "final decision of the Secretary made after a hearing." Further, the Court held that a petition to reopen a previously adjudicated claim *may be denied without a hearing.* Thus, section 205(g) does not provide jurisdiction to review a decision not to reopen when made without a hearing. The Court reasoned that the opportunity to reopen final decisions and convene hearings to determine the propriety of reopening are afforded by the regulations of the Secretary and *not* by the Social Security Act itself. Moreover, the Court believed that judicial review of a decision not to reopen a claim for benefits would frustrate the congressional purpose behind limiting the period to obtain judicial review to 60 days after the Secretary's final decision. By this requirement Congress had intended judicial review limitations to forestall repetitive and belated litigation of stale eligibility claims. (Id. at 108, 97 S.Ct. at 985).

Apparently to avoid the jurisdictional bar of *Califano v. Sanders,* plaintiff has pled two other jurisdictional bases allegedly supporting this Court's review of his claim. The first basis for jurisdiction is the allegation that the Secretary's denial of a hearing constitutes a violation of Fifth Amendment Due Process. The second basis for jurisdiction is a creative argument that 28 U.S.C. section 1361, which provides for administrative mandamus, gives this Court subject matter jurisdiction over plaintiff's claim.

## CONSTITUTIONAL BASIS FOR JURISDICTION

■ In *Califano v. Sanders,* the Court distinguished those cases in which constitutional questions are in issue and held that the availability of judicial review is presumed in such a situation. The Court went on to state that under the facts in *Califano* there was not presented one of those rare instances where the Secretary's denial of a petition to reopen prior applications is challenged on constitutional grounds. In contrast to the facts of *Califano,* plaintiff in this case alleges that the Secretary's actions

in denying him an administrative hearing on his current application denied him due process of law guaranteed by the Fifth Amendment.

Specifically, the acts of the Secretary which plaintiff argues give rise to the constitutional violation are:

(1) He was not allowed "meaningful notice and an opportunity for a hearing." Specifically, plaintiff states his original opportunity for a hearing was a sham because:

A. His mental impairment precluded the meaningful use of the Appeals Process provided;

B. He was without counsel and did not know of the necessity of appealing in order to protect his rights;

C. He was unaware of his right to a fair hearing and the Secretary did not inform him of this right;

(2) Neither plaintiff nor his counsel were given time to adequately prepare for the dismissal order issued by the Secretary. (This is because both the notice of dismissal and the actual dismissal order were issued on the same day.)

The Secretary responds to plaintiff's alleged Fifth Amendment Due Process violation by stating that there are no due process violations because the Secretary's administrative procedures are designed to reduce the risk of error, and because plaintiff can file a new claim for benefits. It should be noted that the Secretary fails to point out that the plaintiff's insured status expired in June 1976 and thus any subsequent application for benefits would be futile, and repetitive to what has occurred in the present case. The only way for plaintiff to now obtain benefits based on the March 17, 1976 disability date is by reopening of the prior application for benefits.

Plaintiff's allegations are sufficient to avoid a motion to dismiss, the case of *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981) being dispositive of whether colorable constitutional questions are presented by the Secretary's actions. Of particular importance in this case is the fact that plaintiff has alleged that a mental impairment impeded his ability to preserve his rights under the Secretary's appeal process.

In *Parker,* the plaintiff's claim for benefits was denied as barred by the doctrine of res judicata. In seeking review the plaintiff argued that her due process rights were violated by being precluded from litigating her claim because she did not receive "meaningful notice" and the opportunity to be heard. The alleged defect in notification did not concern the content of standard notices, but related to the ability of the plaintiff to *understand* and *act* upon the notices. The plaintiff contended that because she did not have the mental ability, due to her impairment, to understand and comply with the notice of further administrative procedures, she had not received "meaningful notice." The Court in *Parker* noted the fact that the medical evidence indicated some degree of mental illness, and that the complaint also contained allegations of mental disability (Id. at 1203) The Court therefore found that the plaintiff had presented a sufficient argument that she failed to understand and act upon the notice she received because of her mental condition. Thus, the Court held that where benefits are denied based on the application of res judicata in that the claimant failed to seek administrative review of the denial of the first claim, and the failure to seek review is due to a mental impairment, a denial of due process can occur. It was noted by the Court that this type of potential constitutional violation seemed particularly applicable in the context of Social Security disability benefit proceedings, where the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive him or her of the ability to understand and/or act upon notices of available administrative procedures. The Court concluded that Parker had presented a colorable constitutional claim and that the district court could properly exercise jurisdiction.

In the case at bar, plaintiff's alleged disability is also claimed to be due in part to a mental impairment. Moreover, the medical evidence submitted thus far to this Court

supports plaintiff's contention that he has a chronic and severe mental disorder. (See the medical reports of Dr. Cosentino and Dr. Rafferty; Defendant's Reply Brief). This evidence indicates that plaintiff's contention that his mental impairment did preclude his ability to pursue his administrative remedies is accurate. It is further noted that plaintiff was unassisted by counsel on his two previous applications. Thus, the Court has sufficient reason to believe that plaintiff was denied due process by the ALJ's application of res judicata because plaintiff's failure to pursue administrative remedies as to his earlier claims were the result of his mental impairments. Applications of the doctrine of res judicata clearly violate fundamental fairness when the strong possibility exists that a claimant is unable to preserve his or her rights due to the very impairment that is alleged to be disabling. The Secretary should provide some reasonable assurance, by looking to the medical evidence as a whole, that a claimant's failure to pursue his or her administrative remedies is not due to the very impairment alleged. As stated in *Parker:*

> Courts have stated that administrative res judicata should be relaxed for practical reasons such as the prevention of injustice ... In this regard, Courts have opined that mental illness could, in an appropriate case, prevent the application of administrative res judicata. (*Parker,* supra, 644 F.2d at 1202, citations omitted).

The present case is such an appropriate case. Therefore it is proper for this Court to exercise jurisdiction over plaintiff's constitutional claim.

■ It should be noted that plaintiff alleges another claimed violation of his right to due process which has some validity. Plaintiff points out that when the Secretary issued its opinion regarding dismissal of his hearing request, notice of such dismissal was issued on the same date, specifically, August 29, 1980. Plaintiff contends that this action, in effect, precluded his counsel from preparing or presenting argument on why the res judicata doctrine should not be applied to deny him his requested hearing. This action may violate one of the principles which was addressed in the case of *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Court in *Goldberg* recognized that the fundamental requisite of due process of law is the "opportunity to be heard." Such a hearing must be "at a meaningful time and in a meaningful manner." Further, opportunity to be heard requires that a benefit recipient have *timely* and *adequate* notice detailing the reasons for a proposed termination [*Goldberg* involved the question of a welfare recipient's right to a hearing prior to the termination of benefits], and an effective opportunity to defend by confronting adverse witnesses and by presenting oral arguments or evidence. *Id.* at 267, 90 S.Ct. at 1020. In addition, the Court recognized that these hearing requisites are especially important when recipients challenge proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of a particular case. *Id.* at 268, 90 S.Ct. at 1020.

In the case at bar plaintiff appears to have been denied an opportunity to effectively prepare and to present argument to the ALJ regarding the application of the res judicata doctrine to his claim. The only option he was given was a review by the Appeals Council, which given a limited form of review (20 CFR 404.970), refused to examine the ALJ's decision denying plaintiff's request for a hearing. Plaintiff was effectively denied any real review of his request for a hearing or of the decision to apply res judicata, and was presumably foreclosed from seeking district court review. (i.e., *Califano v. Sanders, supra*). This procedure would seem to violate plaintiff's due process right to "meaningful notice," and to a meaningful appeals process.

Defendant claims that plaintiff's "need" in this case is not "brutal" within the *Goldberg* context, and that disability benefits as such are not based on need. The Secretary therefore argues that plaintiff's rights are not violated based on the *Goldberg* doctrine.

However, even the Secretary recognizes that a person's need for disability benefits is often "compelling." (Defendant's Reply Brief, p. 7). Thus, claimant has some right to "meaningful notice" whether it involves a proposed termination of benefits, or a dismissal of a claim for benefits. In this case we are not examining the plaintiff's *right* to a hearing per se as in *Goldberg,* but the narrow issue of whether plaintiff was provided "meaningful notice" by the Secretary of the possibility of dismissal of his *request* for a hearing. Plaintiff should have been provided the opportunity to have prepared or presented something in writing for the ALJ to consider in reaching his decision to apply res judicata. Furthermore, plaintiff should have been allowed to review the file and ascertain what documents he thought to be "new and material" evidence before the ALJ decided that there was no new and material evidence.

MANDAMUS JURISDICTION (28 U.S.C. § 1361)

■ The second jurisdictional basis alleged by plaintiff to avoid the *Califano* decision is administrative mandamus, 28 U.S.C. section 1361. Plaintiff cites the case of *Knuckles v. Weinberger,* 511 F.2d 1221 (9th Cir.1975) as his supporting authority. The relevant language of section 1361 states in part:

> [T]he district courts shall have original jurisdiction of any action to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff.

Plaintiff in this case asserts that the Secretary owed a duty to provide a hearing on his application for benefits.

In *Knuckles, supra,* the plaintiffs brought a mandamus action challenging the ex parte suspension of their social security benefits without affording them notice or a prior evidentiary hearing. The Court of Appeals noted that the district judge had dismissed the action for lack of subject matter jurisdiction by stating that 28 U.S.C. section 1361 was not an appropriate basis for jurisdiction because the nature and scope of the duties sought to be compelled were not plainly and positively ascertained and free from doubt. (*Id.* at 1222). On appeal the plaintiffs argued that the Secretary is in fact commanded to do a certain act, that act being to give proper notice and an evidentiary hearing as required by the Due Process Clause.

The Court of Appeals held that there were plain and positive duties to be performed by the Secretary. The Court stated that "once the court interprets the law, the defendant's duty will be clear; the court is not telling the defendant how to exercise its discretion." (*Id.*) Thus, the district court had subject matter jurisdiction over the writ of mandamus action.

The case of *Ellis v. Blum,* 643 F.2d 68 (1981) cited by plaintiff further addressed and explained section 1361 jurisdiction. *Ellis* involved a class action challenging the adequacy of pre-termination notices used by the Secretary prior to the termination of Title II benefits. The amended complaint asserted, in part, jurisdiction over the claims against the Secretary under section 1361. The Court discussed the increasing liberalization toward the uses of alternative jurisdictional statutes prior to *Califano v. Sanders* and the effect of that case upon the scope of judicial review. It was noted that the Supreme Court had repeatedly avoided the effect of 405(h) with respect to the availability of using 1361 jurisdiction to review the procedures of the Secretary. Where *Califano v. Sanders* read the legislative history of the 1976 amendment to section 1331 as evincing a congressional intent that the Administrative Procedure Act did not confer independent jurisdiction, the Court in *Ellis* found ample evidence in this same legislative history that Congress intended to retain expanded federal question jurisdiction over federal officials pursuant to section 1361. (*Id.* at 80–81).

The Court explained that the typical situation envisioned by Congress as to section 405(g) review, is review of close *factual* questions using the substantial evidence standard. But, according to the Court, a minimum of interference with 405(g) review could be expected from the co-exist-

ence of mandamus jurisdiction because mandamus is not amenable to the resolution of factual disputes. The plaintiffs in *Ellis* raised only procedural challenges, the adjudication of which did not affect the substantive question of continued disability benefits. The Court in *Ellis* therefore held that section 405(h) does not preclude assertion of mandamus jurisdiction to review claims before the Secretary, when such claims are procedural in nature. (*Id.* at 82).

In the case at bar, plaintiff's essential challenge can also be characterized as procedural in nature. Plaintiff prays not for actual benefits, but for a review of the Secretary's decision not to provide a hearing. Plaintiff's contention that his request for a hearing was unconstitutionally denied is the type of procedural challenge that *Ellis* holds can be reviewed under section 1361 mandamus jurisdiction.

Defendant argues that plaintiff does not allege a concrete violation of a mandatory or statutory duty upon which to base mandamus jurisdiction. In effect, defendant argues that the Secretary has no clear, unequivocal duty to reopen prior adjudicated claims based on the automatic submission of new evidence. Further, defendant claims that a writ of mandamus may not properly issue unless three elements co-exist:

(1) A clear right in the plaintiff to the relief sought;

(2) A clear duty on the part of the defendant to do the act in question; and

(3) No other adequate remedy available.
 *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir.1969)

As to clear rights and duties, in *Wiren v. Eide,* 542 F.2d 757, 761, note 5 (9th Cir. 1976), the Court explained that mandamus jurisdiction to enforce a *constitutional duty,* though perhaps not clear at the outset of litigation, is rendered plain by a courts' subsequent decision on the merits. *Knuckles, supra,* at 1222, also recognized that a constitutional due process duty need not be clear prior to litigation. In this case there is a clear duty on the part of the Secretary to comply with due process requirements at all times. Plaintiff also has a clear right to

relief if his due process rights were violated. Plaintiff has no other adequate remedy to establish his entitlement to benefits because his insured status expired as of June 30, 1976, thereby foreclosing a new date of disability. Thus, the Court has mandamus jurisdiction as plaintiff has alleged that his constitutional due process rights were violated by the Secretary's failure to allow him a hearing even though plaintiff's mental impairment precluded his pursuit of administrative appeals, and by the lack of notice by the Secretary of the possibility of dismissal of his claim.

DISPOSITION

In *Parker v. Califano, supra,* the Court of Appeals reviewed the district court's dismissal for lack of jurisdiction of the action for review. As discussed earlier, the Court found that the district court had jurisdiction. But in its order the Court remanded the action to the district court with instructions that it direct the Secretary to make a determination whether mental illness prevented the plaintiff therein from understanding and pursuing her administrative remedies following the denial of her first application for benefits. (*Parker, supra,* 644 F.2d at 1203). The Court reasoned that a remand to the Secretary and a determination of the above issue by the Secretary would provide the district court with a sufficient record to later determine what relief should later be granted, and would give the opportunity to the Secretary to remedy any injustices that had occurred. (*Id.*)

Accordingly, pursuant to this authority, the Court denies defendant's motion to dismiss and orders the action remanded to the Secretary to make a determination, after a consideration of the evidence, whether mental illness prevented plaintiff from understanding and pursuing his administrative remedies following the denial of his first application for benefits. After this determination the Court will determine what effect, if any, plaintiff's mental condition should have on the application of res judicata to his claim, if necessary.

IT IS SO ORDERED.