**Pamela J. DAVIS, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 80–4186.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 1981.

Decided Jan. 11, 1982.

Joseph S. Samuel, Isenberg, Moulds & Samuel, Sacramento, Cal., for plaintiff-appellant.

Jerry J. Bassett, Asst. Regional Atty., San Francisco, Cal., for defendant-appellee;

Malcolm Segal, Sacramento, Cal., Andrew E. Wakshul, Atty., Baltimore, Md., on brief.

Before ALARCON and NELSON, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

Pamela J. Davis filed an action in the district court to review the refusal of the Secretary of Health and Human Services[1] to reopen Davis' application for disability benefits which the Secretary denied. Davis also sought review of the Secretary's denial of a later application on grounds of administrative res judicata.

The district court adopted the recommendation of the Magistrate and dismissed the action on both claims. Davis appeals. We affirm.

Davis is a married woman and has three children. She has a high school education; she worked as a bank teller and secretary before 1968. She last met the special earnings requirement for entitlement to disability benefits on December 31, 1968.

Davis first filed for disability benefits on November 6, 1973. She had surgery in 1960 and again in 1973 for spinal pain. Her application was denied because she had failed to prove that she was disabled in 1968, when her eligibility for disability benefits expired. She was told that she could seek reconsideration within six months. When she did not ask for reconsideration or a hearing, the decision denying her application became final.

In 1977, Davis filed a second application for disability benefits. This claim was denied initially and upon reconsideration Davis requested a hearing. The administrative law judge (ALJ) treated her 1977 application as a petition to reopen under 20 C.F.R. § 404.957 and § 404.958 (1978).[2] The

---

* The Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

1. Formerly, Secretary of Health, Education and Welfare.

2. Guidelines for reopening social security matters are contained in 20 C.F.R. § 404.957 and

ALJ dismissed her request for hearing under 20 C.F.R. § 404.937 (1978)[3] on the grounds of administrative res judicata. Davis submitted medical reports which indicated that her recurrent back pain did not appear to be affected by conservative treatment and noted the possibility of a third surgery.

In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court rejected a claimant's argument that 42 U.S.C. § 405(g) (1976)[4] and 42 U.S.C. § 405(h) (1976)[5] confer jurisdiction on federal courts to review the Secretary's decision not to reopen a previously adjudicated claim for social security benefits. Once a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary. These discretionary decisions are not "final" decisions within the meaning of § 405(g) because

> an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose ... to impose a 60 day limitation upon judicial review of the

Secretary's final decision on the initial claim for benefits.

*Sanders*, 430 U.S. at 108, 97 S.Ct. at 986, 51 L.Ed.2d at 201.

In a case procedurally identical to this case, the First Circuit affirmed the district court stating "[a] purely discretionary hearing such as that held here for purposes of receiving allegedly new and material evidence is not a 'hearing' within the meaning of § 405(g)." *Rios v. Secretary of HEW*, 614 F.2d 25, 26 (1st Cir. 1980).

Other circuits have extended the reasoning of *Sanders* to preclude review of a dismissal on the basis of a denial of a motion to reopen. Such refusals to reopen and determinations that a claim is res judicata are not reviewable. *See Hensley v. Califano*, 601 F.2d 216 (5th Cir. 1979); *Carney v. Califano*, 598 F.2d 472 (8th Cir. 1979); *Matos v. Secretary of HEW*, 581 F.2d 282 (1st Cir. 1978). *Cf. Peterson v. Califano*, 631 F.2d 628 (9th Cir. 1980) (refusing to review order denying extension of filing period for appeals).

Davis asserts the failure of the ALJ to consider new evidence brings her claim within the "manifest injustice" exception to

---

§ 404.958 (recodified as 20 C.F.R. § 404.987 and § 404.988, 45 Fed.Reg. 52089 (August 1980)), which provide:

§ 404.957:
An initial revised or reconsidered determination of the Administration or a decision or revised decision of an Administrative Law Judge or of the Appeals Council which is otherwise final ... may be reopened:

\* \* \* \* \* \*

(b) within 4 years after the date of the notice of the initial determination ... upon a finding of good cause ...

§ 404.958:
'Good Cause' shall be deemed to exist where:
(a) New and material evidence is furnished after notice to the party to the initial determination.

3. 20 C.F.R. § 937 and 20 C.F.R. § 937(a) (now recodified as 20 C.F.R. § 404.957 by publication at 45 Fed.Reg. 52087 (August 1980)) provide:
The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:
(a) Res Judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to

the same issue or issues which has become final either by judicial affirmance or without judicial consideration, upon the claimant's failure to timely request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision.

4. 42 U.S.C. § 405(g) (1976) states in pertinent part:
Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

5. 42 U.S.C. § 405(h) (1976) states in pertinent part:
The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

administrative res judicata. *See Grose v. Cohen,* 406 F.2d 823 (4th Cir. 1969). There is no merit in this contention. The only new evidence presented was one 1978 medical report which indicated that Davis might have been disabled ten years before but this observation was not supported by any clinical evidence.

Equally without merit is Davis' contention that her claim falls within the constitutional question exception to administrative res judicata. *See Sanders,* 430 U.S. at 109, 97 S.Ct. at 986, 51 L.Ed.2d at 201–02. Her constitutional allegation was purely conclusory, unsupported by facts, and is insufficient to withstand summary judgment. *Guadalupe Organization Inc. v. Tempe Elementary School Dist.,* 587 F.2d 1022 (9th Cir. 1978).

In *Matos v. Secretary of HEW,* 581 F.2d at 286, the court held, "In light of the rationale in *Sanders* we hold that this Court is without jurisdiction to examine appellant's claim which was denied as res judicata." That holding is equally applicable here.

AFFIRMED.