Drene SINGER, Loren Singer, Rachael Singer and Adam Singer, Plaintiffs/Appellants,

v.

Richard S. SCHWEIKER,* Secretary of Health and Human Services, Defendant/Appellee.

No. 81–5707.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1982.

Decided Dec. 13, 1982.

James A. Harris, San Diego, Cal., for plaintiffs/appellants.

J.W. Wojciechowski, Dept. of Health & Human Services, Baltimore, Md., for defendant/appellee.

Before FARRIS and CANBY, Circuit Judges, and WHELAN **, District Judge.

---

* We substitute the name Richard S. Schweiker, the successor to the original appellee Patricia Roberts Harris, and the Department of Health and Human Services for the Department of Health, Education, and Welfare, pursuant to Fed.R.App.P. 43.

** Honorable Francis C. Whelan, Senior United States District Judge for the Southern District of California, sitting by designation.

CANBY, Circuit Judge:

Billy O. Singer, Husband of Drene Singer and father of Loren, Rachael and Adam Singer, was last seen on July 4, 1964. On February 13, 1969, Drene Singer applied to the Social Security Administration for survivor's benefits for herself and each of her children. 42 U.S.C. § 402(d) & (g). The application was denied at various administrative levels but not pursued to an administrative hearing.

On October 7, 1971, Drene Singer filed a second application which also was denied at various administrative levels, resulting in an administrative hearing held on October 20, 1972. The Administrative Law Judge held that the original absence was not unexplained, and that therefore Billy Singer could not be presumed dead. An appeal to the Appeals Council of the Social Security Administration resulted in the approval and adoption of the decision of the Administrative Law Judge. Mrs. Singer did not seek review of that final decision.

Third and fourth applications for survivor's benefits were filed in 1974 and 1977. These were denied at various administrative levels on the ground that they were identical to the original application and presented no new evidence. These applications did include one new document, a death certificate for Billy Singer issued by the San Diego County Superior Court establishing July 4, 1971, as the date of death. This certificate was based on the same evidence deemed insufficient in Mrs. Singer's first and second applications, and was therefore not controlling.

A fifth application for survivor's benefits was filed on February 27, 1979. An Administrative Law Judge held that this application involved the same parties, the same facts and the same issues of the wage earner's absence and presumption of death that were decided in the final decision rendered in the second application. The Administrative Law Judge therefore declined to reopen Mrs. Singer's claim. Mrs. Singer's request for further review was denied by the Appeals Council, and Mrs. Singer then filed a complaint in district court seeking review

of the disallowance of her claim for survivor's benefits. The district court dismissed the complaint for lack of subject matter jurisdiction. Mrs. Singer appeals. We reverse.

We concede that the issue of subject matter jurisdiction is a close one. The right to sue the United States or one of its agencies is limited to the extent of the pertinent waiver of sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 769–770, 85 L.Ed. 1058 (1941). Congress has provided such a waiver over claims arising under Title II of the Social Security Act in section 205(g) of the Act, 42 U.S.C. § 405(g). The subject matter jurisdiction of the district court may be invoked for judicial review of "final decisions" of the Secretary of Health and Human Services. *Id.; Weinberger v. Salfi,* 422 U.S. 749, 763, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975).

There is no doubt that a final decision of Mrs. Singer's initial claim was rendered upon her second application, when the Administrative Law Judge held that an "explained" disappearance plus a bare seven years absence did not permit a presumption of death. Mrs. Singer sought no judicial review of that decision. Mrs. Singer's subsequent applications were denied on the ground that they presented no new material facts that would justify reopening the original decision. In the absence of a colorable constitutional claim, a refusal of the Secretary to reopen a previous decision is not itself a "final decision" subject to judicial review under § 205(g). *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1977); *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir.1982).

Mrs. Singer contends, however, that the denial of her 1979 application, the subject of this appeal, presents a colorable constitutional claim. We agree. The new and intervening fact that Mrs. Singer offered in support of her administrative claim was an additional seven years with no word of Mr. Singer or evidence of his existence. The total period of absence was therefore 14½

years. This claim was refused on the ground that the original disappearance was still not unexplained. The applicable regulation requires an unexplained absence of seven or more years. 20 C.F.R. § 404.721 (1981). The Secretary's ruling, however, is directly contrary to the decision of this court in *Christen v. Secretary of HEW,* 439 F.2d 715 (9th Cir.1971). There we said:

> While perhaps evidence of flight by a deserting husband would entitle the Secretary to adopt a rule of thumb for a while to delay the start of the running of the seven year period for the presumption [of death] of 20 C.F.R. § 404.705,[1] we cannot go along with the Department's apparent view that one achieves immortality by known flight.
>
> Here by the time the decision cleared the Secretary's office for the second time, Christen had disappeared for a period of eleven and a half years. By that time he should have been presumed dead on the facts here.

*Id.*

■ Under the ruling of *Christen,* Mrs. Singer's 1979 application stated a claim for benefits arising after the Secretary's denial pursuant to the hearing in 1972. Rejection of this later claim without presenting an opportunity for consideration of its merits is a violation of due process. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Giacone v. Schweiker,* 656 F.2d 1238, 1243–44 (7th Cir.1981); *Parker v. Califano,* 644 F.2d 1199, 1203 (6th Cir.1981); *Gosnell v. Harris,* 521 F.Supp. 956, 960 (S.D.Ohio 1981). We therefore conclude that the denial of Mrs. Singer's application raises a colorable constitutional claim and is reviewable by the district court. *See Califano v. Sanders,* 430 U.S. at 109, 97 S.Ct. at 986; *Parker v. Califano,* 644 F.2d at 1203.

Our ruling in this case does not interfere with the principle underlying *Califano v. Sanders, supra. Califano* denied reviewability of the Secretary's decisions to reopen because such review would "frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." 430 U.S. at 108, 97 S.Ct. at 986. Mrs. Singer could not have obtained relief, however, by appealing the Secretary's initial decision because the initial disappearance was an explained one. Under *Christen,* she could be assured of invoking the presumption of death only after some additional period beyond the original seven years, because Mr. Singer's explained departure delayed the start of the seven year period. *Christen,* 439 F.2d at 715. In the absence of any regulation establishing the extent of such delay, Mrs. Singer was entitled to select an additional seven years. Her claim for benefits at that later time was not an attack on the finality of the original denial of benefits, which was correct on the record as it then stood.

The decision of the district court is reversed and the matter is remanded to that court for further proceedings not inconsistent with this opinion.

FARRIS, Circuit Judge, concurring:

But for our decision in *Christen v. Secretary of Health, Education and Welfare,* 439 F.2d 715 (9th Cir.1971), I would agree with the district court.

I agree with the majority that the Secretary's decision not to reopen Mrs. Singer's second claim is not a "final decision" open to judicial review. *See, e.g., Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1977) (refusal to reopen claims held not reviewable); *Davis v. Schweiker,* 665 F.2d 934, 935 (9th Cir. 1982) (refusal to reopen claim and denial on ground of administrative res judicata held not reviewable).

Therefore, whether the district court had subject matter jurisdiction depends on whether Mrs. Singer raised a colorable con-

---

1. 20 C.F.R. § 404.705 has been revised and recodified at 20 C.F.R. § 404.721. 43 Fed.Reg. 24,974, 24,976 (1978).

stitutional claim under the Due Process Clause of the Fifth Amendment. Mrs. Singer argues that the passage of an additional seven years since the denial of her second application entitled her to a new hearing. This argument, in my opinion, is foreclosed by *Califano v. Sanders.* Mrs. Singer overlooks the fact that the presumption of death requires that the person has been absent from his or her residence "for no apparent reason *and* has not been heard from for at least seven years." 20 C.F.R. § 404.721 (1981). Mrs. Singer is able to present only an explained absence from July 4, 1964 to date. The Administrative Law Judge correctly noted that Mrs. Singer has offered no new evidence to rebut the earlier finding that Billy Singer's absence is consistent with continued life and not unexplained. The added years, then, did not materially alter her application. As in *Califano v. Sanders,* if Mrs. Singer wanted judicial review, she should have commenced a civil action within sixty days after the final decision rendered on her second application, *unless* she had new evidence to rebut the earlier finding.

Our prior decision in *Christen v. Secretary of Health, Education and Welfare,* 439 F.2d 715 (9th Cir.1971), apparently rejects this analysis. *Christen* was "a case of the *mysterious* disappearance of a husband." *Id.* In this case, Mr. Singer did not mysteriously disappear for unexplained reasons. He had a previous record of absences and when he was last seen, he was not in imminent peril. In spite of this, I join the majority since *Christen* is the law of the circuit.

WHELAN, District Judge, concurring:

I concur in Judge Canby's opinion solely because I consider that I am bound by the decision of the Ninth Circuit in *Christen v. Secretary of Health, Education and Welfare,* 439 F.2d 715 (1971).