George BURBAGE, Plaintiff,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C–82–5309 EFL.

United States District Court, N.D. California.

March 31, 1983.

Joseph P. Russoniello, U.S. Atty. by John F. Barg, Chief, Civil Div., and Michael J. Tonsing, Asst. U.S. Atty., San Francisco, Cal., for defendant.

Alan R. Bergman, San Francisco, Cal., for plaintiff.

LYNCH, District Judge.

Plaintiff in this action seeks judicial review of the denial of his claim for supplemental security income benefits under the Social Security Act, 42 U.S.C. § 423. Defendant Secretary of Health and Human Services has moved to dismiss for lack of subject matter jurisdiction. The Secretary contends that the district court lacks jurisdiction to review the denial of an award by an administrative law judge (ALJ) because the plaintiff failed to exhaust his administrative remedies, and that the district court also lacks jurisdiction to review the subsequent dismissal of a petition for review by the Secretary because a dismissal of an untimely hearing request is not a "final decision" under 42 U.S.C. § 405(g).

*Facts*

Plaintiff filed for benefits on May 26, 1981. The Social Security Administration (SSA) denied this claim initially and upon reconsideration. On October 1, 1981 a notice of the denial of reconsideration and of the right to request a hearing within 60 days was mailed to plaintiff.

Plaintiff alleges he mailed a Request for Hearing form to the SSA on November 12, 1981, the date which appears on the form and on the letter accompanying the form. The Request for Hearing form, however, was not received by the SSA until December 11, 1981, after the 60-day period had expired. Although the regulations promulgated by the Secretary permit the ALJ to allow an extension of the 60-day period upon a showing of good cause, 20 C.F.R. § 416.1433(c), on April 30, 1982, the ALJ dismissed plaintiff's Request for Hearing due to untimely filing. The ALJ refused an extension of time on the ground that good cause for late filing had not been shown. Plaintiff requested the Appeals Council to review that order. On July 26, 1982 the Appeals Council advised plaintiff that the ALJ's action was correct. Plaintiff filed this civil action on September 29, 1982.

The Secretary now petitions this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction on the ground that there has been no "final decision" of the Secretary as required by 42 U.S.C. § 405(g) because plaintiff did not file a timely hearing request and thereby failed to exhaust his administrative remedies. Plaintiff argues that he has exhausted his administrative remedies insofar as the Appeals Council affirmed the ALJ's dismissal of his untimely filed hearing request. Plaintiff also argues that the denial of an extension of time is a "final decision" of the Secretary and that this Court has jurisdiction to review the Secretary's refusal to extend the 60-day filing period. Plaintiff claims alternative bases for jurisdiction under the Fifth Amendment and 28 U.S.C. § 1361.

*Section 405(g) Jurisdiction Over the Merits*

Section 405(g) extends subject matter jurisdiction to district courts for judicial review of "final decisions of the Secretary made after a hearing ...." 42 U.S.C. § 405(g). Section 405(h) reads, in part, "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) the Supreme Court specifically held that section 405(h) prevents review of the Secretary's decisions except as provided in section 405(g).

■ This Court lacks jurisdiction to review the merits of plaintiff's claim because the Secretary's denial, initially and upon reconsideration, is not a final decision under 42 U.S.C. § 405(g). Under the Secretary's regulations, a final decision required for judicial review is achieved only by exhaustion of administrative remedies. Exhaustion involves a hearing before an ALJ and consideration by the Appeals Council. 20 C.F.R. §§ 416.1459 and 416.1472. In *Salfi, supra,* the Supreme Court stated:

Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so

that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefits of its experience and expertise, and to compile a record which is adequate for judicial review. 422 U.S. at 765, 95 S.Ct. at 2467.

The Court further stated:

The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration. While a court may not substitute its conclusion as to futility for the contrary conclusion of the Secretary, we believe it would be inconsistent with the congressional scheme to bar the Secretary from determining in particular cases that full exhaustion of internal review procedures is not necessary for a decision to be 'final' within the language of § 405(g).

*Id.* at 766–67, 95 S.Ct. at 2467.

The Secretary's regulations preclude further consideration of a claim for benefits where the claimant failed to file a timely hearing request and the ALJ makes the discretionary decision not to extend the time for filing such a request. In *Sheehan v. Secretary of Health, Ed. & Welfare,* 593 F.2d 323 (8th Cir.1979), the court commented: "If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision." *Id.* at 327.

In the instant case, plaintiff Burbage did not request a hearing by the ALJ within the specified number of days. He thus failed to exhaust his administrative remedies to secure a "final decision" of the Secretary. An administrative hearing followed by an Appeals Council review is necessary to have a final administrative decision from the Secretary within the meaning of § 405(g).

### Section 405(g) Jurisdiction Over the Denial of Extended Filing Time

The § 405(g) limitation on judicial review also applies to matters of agency discretion regarding reopening of claims. In *Califano*

*v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) the Supreme Court held that section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *Id.* at 108, 97 S.Ct. at 985. In *Sanders* the claimant's application for disability benefits was denied and he was informed of his right to obtain judicial review within 60 days. He did not respond until seven years later, when he asked the Secretary to reopen his claim for good cause. The Supreme Court held that the Secretary's determination that there was no good cause to reopen its prior final decision did not constitute a "final decision" subject to judicial review.

The instant action involves an ALJ's discretionary decision not to extend the time for filing a hearing request. *See* 20 C.F.R. § 416.1433(c). The regulations provide that a denial of a request to extend the time period for requesting review of an administrative decision is not subject to judicial review. 20 C.F.R. § 416.1403(a)(8). That rule is dispositive here.

The rationale for this regulation is explained by the Eighth Circuit in *Sheehan, supra,* 593 F.2d 323, a case involving facts very similar to those in the instant action. Following an appeal with the Appeals Council after the 60-day period had expired. The Appeals Council refused extension of time on the ground that no good cause for late filing had been shown. Sheehan thereafter filed a timely petition for review in the district court. The Eighth Circuit noted that an extension of filing time request may be denied without a hearing under 42 U.S.C. § 405(b). *Id.* at 325. The district court thus lacked jurisdiction because the "finality required for judicial review is achieved only after a hearing before an administrative law judge, and ordinarily, consideration by the Appeals Council." *Id.* at 326.

Consistent with the Eighth Circuit's *Sheehan* decision is the Ninth Circuit's holding in *Peterson v. Califano,* 631 F.2d 628 (9th Cir.1980), a case involving an untimely

filing of an appeal in a district court rather than an inter-agency appeal as in *Sheehan* and the case at bar. The Ninth Circuit applied the rationale of *Sanders,* holding that an Appeals Council's refusal to extend the 60-day period for filing an appeal in district court was not a "final decision" within the meaning of the Act, and thus the district court did not have jurisdiction over a former recipient's action alleging abuse of discretion by the Department.

The rationale of *Sheehan* is appropriate in the case at bar. Accordingly, this Court finds that the ALJ's decision to deny an extension of time is not a "final decision" subject to judicial review under the statutory grant of jurisdiction. 42 U.S.C. §§ 405(h) and (g).

### Jurisdiction Based on Constitutional Claims

An exception to the "final decision" requirement has been recognized by the Supreme Court in that a federal court may have jurisdiction to review a decision of the Secretary that is not a final decision rendered after a hearing if the claimant is challenging the decision on constitutional grounds. *Califano v. Sanders, supra,* 430 U.S. at 109, 97 S.Ct. at 986.

In *Singer v. Schweiker,* 694 F.2d 616 (9th Cir.1982), the Ninth Circuit affirmed the district court's jurisdiction to review a claimant's application for benefits absent a "final decision" because claimant's challenge raised constitutional issues. Following her husband's disappearance, Mrs. Singer applied for survivor's benefits. In a 1972 hearing, the ALJ denied the application because her husband's original absence was not unexplained and he therefore could not be presumed dead. Mrs. Singer reapplied for benefits several times. The Ninth Circuit held that the Secretary's refusal to reopen Mrs. Singer's claim in 1979 without presenting opportunity for consideration of its merits was a violation of due process in that Mr. Singer's absence for an additional seven years raised a new and intervening fact supporting the presumption that he was dead. Mrs. Singer could not have ap-

pealed the Secretary's 1972 decision within the 60-day period because the facts establishing a basis for appeal did not arise until years later. As new facts had arisen after the 1972 hearing and denial of benefits, the rejection of the 1979 application without consideration of its merits raised a "colorable constitutional claim" and was reviewable by the district court. The Court reiterated the *Sanders* rule that, "in the absence of a colorable constitutional claim, a refusal of the Secretary to reopen a previous decision is not itself a 'final decision' subject to judicial review under § 205(g)." *Singer, supra,* 694 F.2d at 617.

Here, plaintiff Burbage alleges a Fifth Amendment right to a hearing but has put forth no property rights to which he has been deprived. Furthermore, plaintiff raises no constitutional challenge to the Secretary's procedures or the ALJ's actions pursuant to those regulations. Plaintiff is merely asking this Court to review the ALJ's discretionary decision to deny an extension of time for filing a hearing request, or in the alternative, to order the ALJ to grant a hearing to determine whether "good cause" for plaintiff's late filing exists. Plaintiff has simply not articulated a constitutional claim such as would support jurisdiction under *Singer.*

### Mandamus Jurisdiction

As another alternative basis for jurisdiction, plaintiff contends that 28 U.S.C. section 1361, which provides for administrative mandamus, gives this Court subject matter jurisdiction to review the ALJ's decision. That section provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Plaintiff contends that *Kapp v. Schweiker,* 556 F.Supp. 16 (N.D.Cal., 1981), is a case that confronted the jurisdictional issues raised herein. This Court disagrees. In *Kapp,* the plaintiff filed suit in federal dis-

trict court for review of an ALJ's dismissal of his request for a hearing on his application for benefits. Plaintiff Kapp alleged that because of his mental impairment he could not understand and comply with the notice of further administrative procedures. The Court held that it had mandamus jurisdiction because plaintiff had alleged that his constitutional due process rights were violated by the Secretary's failure to allow him a hearing even though plaintiff's mental impairment precluded his pursuit of administrative appeals. *Kapp* is distinguishable from this case in that plaintiff Burbage has not alleged that he suffered any impairment which impeded his ability to preserve his rights under the Secretary's review process.

The Second Circuit has recently held that section 405(h) does not preclude assertion of mandamus jurisdiction over claims essentially procedural in nature. *Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981). In *Ellis,* a class action was brought by recipients of disability benefits that were terminated without adequate prior notice. The plaintiffs were not challenging the notice procedures of the Secretary, but only the Secretary's failure to require the state officials to comply with them. The court stated:

> Conversely, it would strain belief to think that Congress meant to require a plaintiff to forego mandamus and resort to prolonged § 405 procedures where a *clear duty* in the defendant to pay disability benefits, e.g., a prior judgment, had been demonstrated.

643 F.2d at 81 (emphasis added).

 In the case at bar, plaintiff's challenge is essentially procedural in nature. The mandamus jurisdiction in *Ellis* not precluded by the section 405(h) limitation, however, was limited to situations where the plaintiff asks the court to order an officer or employee to perform a clear duty. The ALJ has no clear duty to allow an extension of time for filing a hearing request. Although the Secretary's regulations do list the factors which should be considered in determining whether there is good cause for late filing, the decision is discretionary.

20 C.F.R. § 416.1411. Such a decision is not subject to judicial review under section 1361. Furthermore, the regulations do not impose a duty on the ALJ to conduct a hearing on the issue of good cause; thus, plaintiff's request for mandamus relief to compel such a hearing is inappropriate.

### Conclusion

For the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.