**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BETH ANN NEVIN,
  *Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN,[*] Acting
Commissioner of Social Security,
  *Defendant-Appellee*.

No.23-35420

D.C. No.
2:22-cv-00131-
RMP

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted September 13, 2024
Seattle, Washington

Filed January 22, 2025

Before: William A. Fletcher and Jennifer Sung, Circuit
Judges, and Jed S. Rakoff,[**] District Judge.

Opinion by Judge W. Fletcher

---

[*] Carolyn W. Colvin is substituted as Acting Commissioner of the Social Security Administration pursuant to Fed. R. App. P. 43(c).

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY**[***]

**Social Security**

The panel reversed the district court's decision on claimant's second application for disability benefits and remanded to the agency with directions to award benefits on that application, and affirmed the district court's decision on claimant's first application.

Claimant filed two successive applications for disability benefits under Title XVI of the Social Security Act. While the denial of claimant's first application was on appeal to the district court, claimant filed a second application for benefits for a later period. The second application was reviewed by Washington State Disability Determination Services ("DDS"). DDS awarded benefits, holding that claimant had been disabled beginning on September 19, 2018, the day after an administrative law judge ("ALJ") denied her first application. On remand from the Appeals Council, an ALJ reopened claimant's second application and denied the benefits that had been granted by DDS on that application. On claimant's first application, the ALJ concluded that she was disabled beginning on July 14, 2020.

The panel held that the district court erred in holding it lacked jurisdiction to review the ALJ's decision reopening and reversing the grant of benefits on the second application. The agency's decision after reopening is a new final decision on the merits from which an appeal can be taken under 28 U.S.C. § 405(g). It is undisputed that claimant sought review

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

in the district court within 60 days of the adverse decision by the agency.

Instead of remanding to the district court, in the interest of efficiency, the panel addressed the merits of the ALJ's decision. It was clear from the Appeals Council's remand order that the Council did not reopen claimant's award of benefits on her second application. Thus, there was no reopening until the ALJ reopened and reversed the award on June 23, 2021, more than two years after the award. Under the regulations, the only ground on which the ALJ could have reopened after two years lapsed is "fraud or similar fault." 20 C.F.R. § 416.1488(c). The panel held that there was nothing in the record suggesting fraud or similar fault, and the ALJ therefore erred in reopening and reversing the award of benefits on the second application. The panel reversed and remanded for the district court to direct the agency to award benefits in accordance with DDS's decision.

As to claimant's first application, the panel concluded, for the same reasons as the district court, that the ALJ's conclusion that claimant was not disabled between June 24, 2017, and September 19, 2018, was supported by substantial evidence.

## COUNSEL

Victoria B. Chhagan (argued), Douglas Drachler McKee & Gilbrough LLP, Seattle, Washington, for Plaintiff-Appellant.

David Burdett (argued), Special Assistant United States Attorney, Office of Program Litigation, Office of the General Counsel, Social Security Administration, United States Department of Justice, Baltimore, Maryland; Jeffrey R. McClain, Attorney; Mathew W. Pile, Associate General Counsel, Office of Program Litigation; Office of the General Counsel, Social Security Administration, Seattle, Washington; Brian M. Donovan, Assistant United States Attorney; Vanessa R. Waldref, United States Attorney; United States Department of Justice, Spokane, Washington; for Defendant-Appellee.

## OPINION

W. FLETCHER, Circuit Judge:

Appellant Beth Nevin filed two successive applications for disability benefits under Title XVI of the Social Security Act. In her first application, Nevin alleged that she was disabled beginning on June 24, 2017. An Administrative Law Judge ("ALJ") denied her first application on September 18, 2018. Nevin timely appealed the agency's decision to the district court. While the denial of her first application was on appeal to that court, Nevin filed a second application for disability benefits for a later period. Nevin's second application was reviewed by Washington State Disability Determination Services ("DDS"). On April 17,

2019, DDS awarded benefits, holding that Nevin had been disabled beginning on September 19, 2018, the day after the ALJ denied her first application.

When Nevin's second application was granted by DDS, her appeal from the denial of her first application was still pending in the district court. The district court ruled partially in Nevin's favor and remanded her first application for further proceedings. The Appeals Council remanded to the ALJ with instructions. On June 23, 2021, on remand from the Appeals Council, the ALJ re-opened Nevin's second application and denied the benefits that had been granted by DDS on that application. On Nevin's first application, the ALJ concluded that she was disabled beginning on July 14, 2020.

The district court held that it lacked jurisdiction to review the ALJ's reopening and denial of benefits on Nevin's second application. We reverse the district court's holding that it lacked jurisdiction to review the ALJ's reopening of the denial of benefits on Nevin's second application. We reach the merits and hold that the ALJ erred in reopening and denying benefits on Nevin's second application. The district court affirmed the grant of benefits on Nevin's first application. We affirm that decision.

## I. Reopening and Denial of Benefits on Nevin's Second Application

Nevin argues that the ALJ erred in reopening and denying benefits on her second application. She writes that she "is not challenging the merits or discretionary aspect of the ALJ's decision, i.e., his decision whether or not to reopen her prior claim." She also writes that "[s]he is challenging his authority to re-open and reverse her award of benefits more than two years after said benefits were awarded."

Relying on *Califano v. Sanders*, 430 U.S. 99 (1977), the Commissioner argues that the district court correctly concluded that it lacked jurisdiction to review the ALJ's decision to reopen and deny benefits and that this decision is "not subject to judicial review." The Commissioner also contends that "the ALJ acted within his discretion, and within the bounds of the applicable rules, in electing to reopen Nevin's subsequent favorable decision." Nevin does not object to the Commissioner's characterization of *Califano*. Though it is a close question, we conclude that Nevin has sufficiently argued that, despite *Califano*, we may review the ALJ's decision to reopen and review her award of benefits more than two years after they were awarded.

We have jurisdiction to review denials of Social Security disability benefits. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]" 28 U.S.C. § 405(g); *see* 20 C.F.R. § 422.210(c).

In *Califano*, an unsuccessful Social Security disability claimant filed a motion to reopen almost seven years after the Appeals Council issued a final decision denying his claim. *See* 430 U.S. at 102. He contended that Section 10 of the Administrative Procedure Act authorized reopening the denial. *See id.* at 107. The Supreme Court disagreed, writing that allowing "a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose . . . to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Id.* at 108. We followed *Califano* in *Davis v. Schweiker*, 665 F.2d 934, 935-

36 (9th Cir. 1982), holding that we lacked jurisdiction to review an ALJ's denial of a claimant's late-filed motion to reopen benefit proceedings. *See also Klemm v. Astrue*, 543 F.3d 1139, 1144-45 (9th Cir. 2008) (same).

The Court's decision in *Califano* does not govern the case before us. *Califano* applies to judicial review of a denial of an untimely motion to reopen. It does not apply to a case, such as this one, in which the agency has reopened and rendered a new decision on the merits. The agency's decision after reopening is a new final decision on the merits from which an appeal can be taken under § 405(g). It is undisputed that Nevin sought review in the district court within 60 days of the adverse decision by the agency. The district court therefore had jurisdiction to review the decision of the ALJ reopening and reversing the grant of benefits on Nevin's second application.

We could remand to the district court for a decision reviewing the merits of the ALJ's decision, but in the interest of efficiency we decide it ourselves. The question is whether the ALJ properly reopened and reversed the award of benefits on Nevin's second application. A benefits decision may be administratively reopened for any reason within one year, for "good cause" within two years, or for "fraud or similar fault" at any time. 20 C.F.R. § 416.1488. The answer to the question thus depends on when the award of benefits was made and when the agency reopened the award.

The award of benefits on Nevin's second application was made on April 17, 2019. The Appeals Council remanded

Nevin's first application to the ALJ on December 18, 2019. In relevant part, the remand order reads as follows:

> The claimant filed a subsequent claim for Title XVI disability benefits on December 18, 2018. The State agency found the claimant disabled as of September 19, 2018. *The Appeals Council neither affirms nor reopens the determination, which continues to be binding.* This means that the decision will be subject to reopening and revision if additional development indicates that the conditions for reopening are met. Unless the determination is reopened and revised in accordance with applicable regulations, the period before the Administrative Law Judge will be limited to that period prior to September 19, 2018.

(Emphasis added.) On remand from the Appeals Council, the ALJ issued a decision on June 23, 2021, reopening and reversing Nevin's second award of benefits. The ALJ's decision was thus rendered more than two years after the award of benefits.

It is clear from the text of the Appeals Council's order that the Council did not reopen Nevin's award of benefits on her second application. The Council stated explicitly that it "neither affirm[ed] nor reopen[ed]" that determination. Thus, there was no reopening until the ALJ reopened and reversed the award on June 23, 2021, more than two years after the award. Under the regulations, the only ground on which the ALJ could have reopened after two years lapsed was "fraud or similar fault." 20 C.F.R. § 416.1488(c). There

is nothing in the record suggesting "fraud or similar fault." The ALJ therefore erred in reopening and reversing the Nevin's award of benefits on her second application.

We reverse and remand so that the district court may direct the agency to award benefits in accordance with the DDS's decision on Nevin's second application.

## II. Grant of Benefits on Nevin's First Application

In her first application for benefits, Nevin alleged that she was disabled beginning on April 27, 2017. The ALJ found that she was disabled, but with an onset date of July 14, 2020. The district court affirmed the ALJ, and Nevin appeals that decision. We hold above that the decision of DDS on Nevin's second application that she was disabled with an onset date of September 19, 2018, was improperly reversed by the ALJ. Thus, the period at issue with respect to Nevin's first application for benefits is from June 24, 2017, to September 19, 2018.

The ALJ concluded that Nevin was not disabled between June 24, 2017, and September 19, 2018. We review the ALJ's factual determinations for "substantial evidence." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). The substantial evidence standard requires "more than a mere scintilla," but requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We conclude, for the same reasons as the district court, that the ALJ's conclusion is supported by substantial evidence.

## III

We reverse and remand to allow the district court to remand to the agency with directions to award benefits on Nevin's second application. We affirm the district court's decision on Nevin's first application.

**REVERSED** and **REMANDED** in part; **AFFIRMED** in part.