990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco TORRES, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health
and Human Services of the United States, Defendant-Appellee.
 No. 91-56256.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided March 8, 1993.
 
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Francisco Torres brought this action pursuant to 42 U.S.C.A. § 405(g) (1988) to review the final decision of the Secretary of Health and Human Services denying his application for disability benefits under Title II of the Social Security Act. The district court granted summary judgment for the Secretary. We affirm.
 
 BACKGROUND
 
 3
 Torres first applied for Social Security disability benefits on April 18, 1985 for an injury which occurred on April 24, 1984, when Torres slipped and fell on his back while working as a dishwasher. After a hearing, an Administrative Law Judge ("ALJ") denied Torres' application for benefits on February 26, 1987. Torres did not appeal.
 
 
 4
 On June 9, 1988, Torres again applied for Social Security disability benefits. In his second application, Torres claimed the same disabling back pain with the same onset date and the same source of injury as he had in the first application. At the hearing on his second application, Torres also requested that the first denial be reopened.
 
 
 5
 The ALJ denied Torres' second application on October 31, 1989 and refused the request to reopen the prior decision. The ALJ found that Torres had severe impairments, but found that he was not disabled because he was still capable of performing his past work as a dishwasher.
 
 
 6
 Torres' request for review by the Appeals Council was denied and the ALJ's decision thereby became the final decision of the Secretary. Torres then brought this action pursuant to 42 U.S.C.A. § 405(g) (1988). The district court granted summary judgment in favor of the Secretary. This timely appeal followed.
 
 STANDARD OF REVIEW
 
 7
 We review the district court's grant of summary judgment in favor of the Secretary de novo. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). However, the Secretary's decision to deny benefits must be affirmed if it is supported by substantial evidence and is not based on legal error. Id.; 42 U.S.C. § 405(g). The Secretary's decision not to reopen a prior decision which has become final is not reviewable unless a constitutional violation is claimed. Califano v. Sanders, 430 U.S. 99, 108 (1977).
 
 DISCUSSION
 
 8
 Torres claims that the Secretary erred in declining to reopen the first decision, because Torres presented new and material evidence of disability. However, it is clear from the ALJ's decision that he considered all the evidence presented and determined that this evidence did not justify reopening the prior decision. We are without jurisdiction to review this decision. Sanders, 430 U.S. at 108; Davis v. Schweiker, 665 F.2d 934, 935 (9th Cir.1982).
 
 
 9
 When Torres failed to appeal the first denial of benefits, the ALJ's finding that he was not disabled created a presumption of continuing non-disability. Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 568 (9th Cir.1983). Such a presumption may be overcome by demonstrating "changed circumstances" which indicate the disability has worsened. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). Torres did not present any evidence in his second application to indicate that his condition had deteriorated, nor did he testify that his condition had worsened in the period between the first denial and the second application. Furthermore, none of the doctors' reports indicated that Torres' condition had worsened. Significantly, none of the physicians who examined Torres after the first denial stated that he could not or should not work.[1] Thus, Torres has failed to show the changed circumstances necessary to overcome the presumption that he is not disabled.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan, M.D., former Secretary of Health and Human Services, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Two physicians had, at one time, indicated that Torres should not work. However, the examinations by these physicians occurred before the first decision denying benefits to Torres, and the reports were considered by the first ALJ in making that decision. The reports predating the first denial cannot help Torres establish that his condition worsened after the initial finding of non-disability
 
 
 [2]
 In addition, Torres raises several arguments for disturbing the ALJ's decision. We find that these arguments are without merit