John PANAGES, Plaintiff–Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellant.

No. 88–1691.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 1989.

Decided March 23, 1989.

---

Robert K. Rasmussen, Mark B. Stern, Dept. of Justice, Civil Div., Washington, D.C., for defendant-appellant.

Frances L. Hancock, Hyatt Legal Services, San Francisco, Cal., for plaintiff-appellee.

able or in applying 11 U.S.C. § 549(d) to limit the time to challenge § 362 violations.

Before CHAMBERS, BRUNETTI and NOONAN, Circuit Judges.

PER CURIAM:

The Secretary of the Department of Health and Human Services appeals an order of the district court requiring the Secretary to reconsider two final decisions regarding John Panages' disability benefits. We reverse.

## I.

John Panages became disabled due to spinal injuries received in multiple car accidents. He applied for and was granted Social Security disability benefits beginning March 20, 1974.

In 1979, the Secretary reconsidered Panages' physical condition and determined that he had ceased to be under a disability in September 1978. Panages sought review of this determination before an Administrative Law Judge (ALJ), who upheld the Secretary's decision. Panages did not seek further review, and his disability benefits were terminated in January 1980.

In April 1981 Panages filed a new application for disability benefits. That application was denied initially in late 1981 and on reconsideration in May 1982. Panages did not seek further review of the May 1982 decision.

Panages filed his current application in August 1983. That application was denied at all administrative levels. During the administrative hearing, Panages requested that the ALJ reopen his prior applications. The ALJ found no basis for reopening the applications and denied Panages' request.

Panages filed suit in district court seeking review of the Secretary's denial of his August 1983 application. On cross-motions for summary judgment, the court reversed the Secretary's decision and remanded the case for further consideration of the August 1983 application. In addition, the court "overturned" the ALJ's decision not to reopen Panages' prior applications and ordered the Secretary to investigate Panages' eligibility for benefits between September 1978 and February 1982.[1]

On this appeal, the Secretary does not challenge the grant of summary judgment for Panages on his current application. The appeal is limited to the district court's order that the Secretary reopen the 1980 decision to terminate Panages' benefits and the denial of Panages' 1981 application.

## II.

Entitlement to Social Security disability benefits is governed by Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* The Social Security Administration (SSA) has prescribed an administrative mechanism for the adjudication of claims that includes a hearing before an Administrative Law Judge and review by the Appeals Council. 20 C.F.R. §§ 404.905–404.947. Judicial review of administrative decisions is governed by § 205(g) of the Act, which states in part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

In addition to the administrative and judicial review just described, SSA regulations allow for further consideration of an application by providing for the reopening of an agency determination. A claim may be reopened within 12 months of the initial determination as a matter of right, within four years "upon a finding of good cause," and at any time for the purpose of correcting clear evidentiary errors or clerical mistakes. 20 C.F.R. §§ 404.988–404.989.

The Supreme Court has held that the Social Security Act exempts the Secretary's

---

1. The district court determined that Panages was not under a disability between February 1982 and February 1983 because he engaged in substantial gainful activity during that period.

decision not to reopen a prior determination from judicial review. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Such a determination may be made without a hearing, and judicial review is available only for decisions made after a hearing. *Id.* at 108, 97 S.Ct. at 985; 42 U.S.C. § 405(b), (g). The *Sanders* Court distinguished a routine decision not to reopen a prior determination from a case in which a claimant raises a colorable constitutional challenge to the Secretary's decision. 430 U.S. at 108–09, 97 S.Ct. at 985–86 (citing *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) and *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

### III.

The district court in this case ordered the Secretary to reopen its two prior decisions regarding Panages because its believed Panages had raised a colorable due process claim affecting the Secretary's decision. The district court stated:

Plaintiff's due process right to a meaningful opportunity to be heard in this case was denied by the Secretary's refusal to reopen previous applications. Plaintiff, who was unrepresented by counsel, wrote to the Secretary's officers handling his applications asking what other evidence he needed to prove his disability. R.T. 84–85. He submitted statements of what he understood his diagnoses and work capacity to be, based on his conversations with his doctors, but he never put in the actual medical reports. He was never asked to do so by the Secretary despite his request. Furthermore, plaintiff's benefits were terminated on the basis that his disability had been alleviated by September 1978, the very month plaintiff had suffered a serious setback that required hospitalization. These facts, taken together with the persuasiveness of the newly-presented evidence, requires the Court to overturn the ALJ's finding of no basis for reopening the prior applications. This finding is unsupported by substantial evidence, and is a denial of due process on the part of the ALJ. On remand, the ALJ must

investigate plaintiff's eligibility for disability from September 1978 until February 1982.

The district court thus identified three infirmities in the previous decision regarding Panages' benefits: (1) the Secretary failed to respond to Panages request as to what evidence he should submit; (2) the Secretary terminated Panages' benefits at a time when Panages had suffered a setback; and (3) Panages had presented persuasive new evidence in connection with his current application.

■ The defects identified by the district court are not the sort of constitutional claims that are sufficient to allow judicial review, after *Sanders*, of the Secretary's decision not to reopen a prior determination. The constitutional claims must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached. *Accord Cherry v. Heckler*, 760 F.2d 1186, 1190 & n. 4 (11th Cir. 1985); *see Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (manner of deciding parent-child relationship); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (manner of deciding to terminate disability benefits).

■ The district court's reliance on Panages' new evidence and on the fact that Panages's benefits were terminated at a time when he had suffered a medical setback go to the merits of the prior decisions. They are not factors that implicate a due process right to a meaningful opportunity to be heard.

■ The Secretary's alleged failure to inform Panages of the proper evidence to submit does bear on the procedural regularity of the Secretary's determination. However, it is doubtful that this lack of response rose to the level of a constitutional deprivation. The claimant has the burden of establishing his entitlement to disability. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). Even if there were an error, the Social Security Act and regulations provided adequate procedures

by which Panages could have sought a remedy for the error. The Secretary's failure to reopen the decision at Panages' request some years later does not raise a colorable due process claim.

■ The district court also sought to analogize this case to *Singer v. Schweiker*, 694 F.2d 616 (9th Cir.1982), in which a panel of this court determined that the Secretary had committed a constitutional error in refusing to reopen a claimant's prior application. In *Singer*, the Secretary's refusal to reopen directly contravened case law in this circuit. This contravention of judicial precedent, not new evidence presented by the claimant, provided the basis for overturning the Secretary's decision not to reopen. There has been no violation of precedent here. This case is not analogous to *Singer*.

## IV.

The decision of the district court requiring the Secretary to reopen the 1980 and 1981 decisions regarding Panages' disability benefits is REVERSED. All other aspects of the district court's thoughtful opinion are not affected by this decision.