892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathleen CULLISON, Plaintiff-Appellant,
v.
Louis J. SULLIVAN; M.D.,** Secretary of
Health and Human Services, Defendant-Appellee.
 No. 88-4109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1989.*
Decided Dec. 13, 1989.
 
 Before SKOPIL, FLETCHER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Kathleen Cullison appeals from the district court's entry of summary judgment in favor of the Secretary of Health and Human Services (Secretary), which affirmed the Secretary's determination that Dennis Cullison (Cullison) was disabled within the meaning of the Social Security Act as of January 1, 1986. She claims that an earlier proceeding, which terminated with a decision by an administrative law judge ("ALJ"), should be reopened and that the ALJ's findings in this proceeding were not supported by substantial evidence. We affirm.
 
 
 3
 Findings of fact by the Secretary are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hall v. Secretary of Health, Education and Welfare, 602 F.2d 1372, 1375 (9th Cir.1979) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). The quantum is "more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975). Even if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1985).
 
 
 4
 Appellant seeks a disability onset date within the period covered by the decision of the first ALJ. Concluding that there was no disability before January 1986, the second ALJ declined to consider whether there was a basis for reopening the initial decision. The district court does not ordinarily have jurisdiction to review a denial of reopening. Califano v. Sanders, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). If constitutional issues are presented, review may be had. Sanders, 430 U.S. at 109, 97 S.Ct. at 986. The Ninth Circuit has stated that these issues must relate to the means by which it was decided not to reopen the proceedings, as opposed to the merits of the earlier decision. Panages v. Bowen, 871 F.2d 91, 93 (9th Cir.1989). Appellant suggests that reopening is justified because her husband appeared pro se at his initial hearing and the ALJ refused to follow a Dr. Levenson's recommendation in that first proceeding. Because we conclude that there was substantial evidence to support the ALJ's finding of a disability date of January 1, 1986, we do not reach these issues.
 
 
 5
 When he selected an onset date, the ALJ implicitly made two findings: first, the claimant was not disabled before that date; second, the claimant was disabled thereafter. The evidence supported the ALJ's finding that Cullison was disabled as of January 1, 1986, and was not disabled before that date. While we recognize that there can be rational disputes about the exact onset date, we are unable to say that the Secretary, in this case, has failed to support his findings with substantial evidence or to apply the correct legal standard.
 
 
 6
 Therefore, this court affirms the grant of summary judgment for the Secretary by the district court. The second ALJ's findings were supported by substantial evidence. Appellant's request for attorney's fees under 42 U.S.C. § 406 is denied.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Louis J. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3