976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha SOTO, on behalf of Lizett POWELL, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-55019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martha Soto, on behalf of her daughter Lizett Powell, appeals the magistrate's order granting dismissal under Fed.R.Civ.P. 12(b)(1) in her child insurance benefits action under section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g). Soto contends that the magistrate erred by finding that the district court lacked subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's order of dismissal, while we review for clear error the underlying factual findings. Banta v. Sullivan, 925 F.2d 343, 344 (9th Cir.1991).[1]
 
 The Act provides:
 
 4
 Any individual, after any final decision of the Secretary [of the Department of Health and Human Services] made after a hearing to which [s]he was a party ... may obtain a review of such decision by a civil action commenced within in sixty days after the mailing to ... [her] of notice of such decision or within such further time as the Secretary may allow.
 
 
 5
 Id. (quoting 42 U.S.C. § 405(g) (alteration in original)). In addition, Social Security Administration ("SSA") regulations allow a claim to be reopened "within four years 'upon a finding of good cause,' ... [or] at any time for the purpose of correcting clear evidentiary errors or clerical mistakes." Panages v. Bowen, 871 F.2d 91, 92 (9th Cir.1989); see also 20 C.F.R. § 404.988.[2]
 
 
 6
 "Generally, ... [we] do not have jurisdiction to review the Secretary's decision not to reopen a previously adjudicated claim. If, however, a person makes a colorable constitutional claim that the decision not to reopen violates the due process clause of the fifth amendment, ... [we] ha[ve] jurisdiction." Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir.1990) (citations omitted) (notice of adverse decision was inadequate and violated disability benefits claimant's Fifth Amendment right to due process). "An applicant for social security benefits has a property interest in those benefits." Id. at 1203. A colorable constitutional claim "relate[s] to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." Panages, 871 F.2d at 93; accord Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976).
 
 
 7
 On February 23, 1984, Soto's first application for child's insurance benefits was denied by an administrative law judge ("ALJ"). On the same day, the SSA mailed a notice to Soto explaining her right to request reconsideration no later than sixty days from the date she received the notice. It is undisputed that Soto did not appeal this determination.
 
 
 8
 On April 27, 1988, Soto filed a second application for child's insurance benefits, which an ALJ granted on December 14, 1989. On May 29, 1990, Soto requested that the 1984 determination be reopened. On April 19, 1991, the Appeals Council denied Soto's request to reopen. On June 21, 1991, Soto filed a complaint in district court seeking review of the decision not to reopen.
 
 
 9
 Soto contends that the Appeals Council was required to reopen the initial determination because: (1) her daughter, Lizett, had a property interest in her deceased father's social security benefits beginning in 1984 and the deprivation violated Lizett's Fifth Amendment due process rights; and (2) the ALJ allegedly misapplied applicable California law in making the initial determination. We disagree.
 
 
 10
 While Soto, on behalf of her daughter, has a property interest in the child's insurance benefits, see Gonzalez, 914 F.2d at 1203, this is not a colorable constitutional claim "relat[ing] to the manner or means by which the Secretary decided not to reopen the prior decision," see Panages, 871 F.2d at 93. Similarly, any alleged misapplication of California law in the initial determination fails to raise a colorable constitutional claim as this would relate to "the merits of the prior decision or the means by which that decision was reached." See id.
 
 
 11
 Although the district court dismissed for lack of subject matter jurisdiction, we are free to affirm on any ground fairly presented by the record. See Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir.1992). Because Soto did not show that the Secretary erred by not reopening the 1984 determination, see 20 C.F.R. § 404.988(c)(8), we affirm the district court's judgment, see Scholar, 963 F.2d at 266.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny "Appellant's Motion to Augment the Record on Appeal" which requests the inclusion of an administrative record not filed below. See Fed.R.App.P. 10(a); see also United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989) ("exhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record")
 
 
 [2]
 20 C.F.R. § 404.988 provides in relevant part:
 [a] determination, revised determination, decision, or revised decision may be reopened ... [a]t any time if ... [i]t is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made
 ....
 
 
 [20]
 C.F.R. § 404.988(c)(8)