977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon JOHNSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D.,** Secretary of
Health and Human Services, Defendant-Appellee.
 No. 91-55942.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 15, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Leon Johnson appeals from a summary judgment in favor of the Secretary of Health and Human Services which denied Johnson judicial review of the Secretary's decision to refuse to reopen Johnson's January 1, 1979 and December 26, 1979 applications for supplementary security income (SSI), and the Secretary's decision denying all disability insurance benefits (DIB). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 3
 The relevant facts are set forth in the district court's order granting summary judgment and the findings of fact by the administrative law judge (ALJ) and thus are merely summarized here.
 
 
 4
 Johnson suffered from diabetes, alcoholism and mental illness from as early as 1973 until his death on February 27, 1989. He filed for SSI and DIB five times between 1979 and 1984. His October 11, 1984 application for SSI was granted by the Secretary, with DIB denied because Johnson was not disabled when his insured status expired on September 30, 1976. His February 8, 1983 application for SSI was denied, then remanded to the Secretary by the district court, and then granted by the ALJ on May 10, 1989. Johnson's June 26, 1981 application for SSI was reopened by the ALJ on May 10, 1989 and granted. In the same May 10, 1989 decision, the ALJ refused to reopen (or, Johnson argues, reopened and denied on the merits), Johnson's SSI applications dated January 1, 1979 and December 26, 1979. All of Johnson's DIB applications were denied because he was not disabled prior to September 30, 1976.
 
 
 5
 Johnson sought judicial review of the May 10, 1989 decision to the extent it denied him benefits. The district court granted summary judgment in favor of the Secretary on the ground that the court lacked jurisdiction to review the Secretary's decision to refuse to reopen prior benefit applications, absent a colorable constitutional claim against the Secretary. See 42 U.S.C. § 405(g); Califano v. Sanders, 430 U.S. 99, 107-09 (1977).
 
 DISCUSSION
 
 6
 A. Reopening of January 1, 1979 and December 26, 1979 Applications for SSI Benefits
 
 
 7
 We review a grant of summary judgment de novo. Miller v. Heckler, 770 F.2d 845 (9th Cir.1985).
 
 
 8
 Johnson's first argument is that the ALJ actually reviewed the 1979 applications on the merits. If so, this would entitle Johnson to judicial review under an exception to the general rule that refusals to reopen applications are not reviewable under 42 U.S.C. § 405(g). See Krumpelman v. Heckler, 767 F.2d 586, 588-89 (9th Cir.1985), cert. denied, 475 U.S. 1025 (1986) (citing McGowen v. Harris, 666 F.2d 60 (4th Cir.1981)).
 
 
 9
 The ALJ's opinion reflects that the ALJ simply reviewed the 1979 applications to see if the new evidence presented by Johnson at the 1989 hearing constituted "good cause" to reopen the applications. See 20 C.F.R. § 404.989; 20 C.F.R. § 416.1489 (1992) (each defining "good cause" as including "new and material evidence ... furnished" by the claimant). An ALJ may evaluate the evidence and then refuse to reopen a claim if the proffered new evidence is insufficient. Krumpelman, 767 F.2d at 589. This is what the ALJ did.
 
 
 10
 Additionally, the ALJ's disposition of the two 1979 applications contrasts sharply with his handling of the 1981 application in the same opinion. The ALJ revisited the Social Security Administration's denial of the 1981 application and found that the Administration failed to consider a crucial psychological evaluation. Decision of May 10, 1989 at 11. However, the ALJ concluded that "there is not such new and material evidence presented in connection" with either 1979 application so as to warrant reopening. Id. at 12. Such an evaluation of the evidence is necessary to determine whether there is "good cause" to reopen the claim and is not a decision on the merits. See Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir.1985).
 
 
 11
 While the ALJ did discuss evidence of Johnson's disability prior to 1979, his findings in this regard bear only on whether Johnson was entitled to DIB benefits under his February 8, 1983 or June 26, 1981 applications. This distinguishes the present case from Cleaton v. Secretary, Dept. of Health and Human Services, 815 F.2d 295, 298-99 (4th Cir.1987) (concluding that the Secretary had reopened an SSI application), and Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir.1985) (same). We conclude that the May 10, 1989 decision did not reopen the 1979 applications.
 
 
 12
 Johnson argues that if the Secretary did not reopen the 1979 applications, he committed constitutional error by his refusal to do so. Johnson asserts four constitutional claims in support of this argument.
 
 
 13
 Johnson contends, for the first time on appeal, that the ALJ did not give him notice that "good cause" would be the standard of review when considering whether or not to reopen the applications, thus denying Johnson due process of law. This argument lacks merit. Johnson received constructive notice from the applicable regulations (see 20 C.F.R. § 404.989, supra ).
 
 
 14
 Johnson's second constitutional claim is that the ALJ failed to develop fully and fairly the record on which the decision to reopen was made, thus denying Johnson due process. We agree with the Secretary that the ALJ fully and fairly developed the record. Johnson does not indicate in his briefs what relevant material was allegedly excluded.
 
 
 15
 Johnson's third constitutional claim is that the ALJ denied Johnson due process by ignoring his overwhelming evidence of extended disability. This contention goes directly to the merits of the ALJ's finding that there was not good cause to reopen the two 1979 applications, and not to the procedures by which that decision was made. As such, it is beyond our jurisdiction. Panages v. Bowen, 871 F.2d 91, 93 (9th Cir.1989). We will not consider it.
 
 
 16
 Johnson's final constitutional claim is that he was denied due process because the Secretary refused to open the 1979 decisions, allegedly in violation of section 5(c)(3) of the Disability Reform Act of 1984. (42 U.S.C. § 421 (Supp. II 1984); see also 42 U.S.C.A. § 421, notes, at 404.)
 
 
 17
 The Secretary's first response, that this is a "statutory" rather than a "constitutional" claim, misses the mark and misconstrues Burkhart v. Bowen, 856 F.2d 1335 (9th Cir.1988). Nevertheless, Johnson was not entitled to have his claim reopened under the Disability Reform Act. Johnson did apply for benefits on October 11, 1984, during the one-year window the act provided for reopening claims based on mental impairment. However, we agree with the district court and find no evidence that Johnson requested that the two 1979 applications be reopened in October 1984. Johnson's simple assertion to the contrary lacks factual support.[1]
 
 
 18
 We reject Johnson's constitutional arguments. Accordingly, the district court and this court lack jurisdiction to review the Secretary's refusal to reopen the two 1979 applications for SSI. Panages, 871 F.2d at 93.
 
 B. Disability Insurance Benefits
 1. Jurisdiction
 
 19
 Johnson must show he was disabled as of September 30, 1976 in order to receive disability insurance benefits. The ALJ concluded that Johnson was not disabled as of that date.
 
 
 20
 The Secretary argues that an ALJ decision of January 30, 1981 denying Johnson benefits precludes a finding of disability before that decision in any future proceeding. Without addressing the res judicata issue, the district court determined that it lacked jurisdiction to review any of the DIB findings in the May 10, 1989 decision, citing Panages.
 
 
 21
 Because the ALJ's May 10, 1989 opinion went to the merits of the claim of pre-1976 disability, the Secretary in effect asks us to apply res judicata as a matter of law, using our power to review the application of legal standards de novo. We agree with the Secretary that "earlier denial precludes the claimant from arguing that he was disabled during the period covered by the earlier decision," Green v. Heckler, 803 F.2d 528, 530 (9th Cir.1986), but we will refrain from applying res judicata at this stage when the Secretary's own adjudicator decided not to use preclusion to avoid a decision on the merits.
 
 2. Standard of Review
 
 22
 We must affirm the Secretary's findings if they are supported by substantial evidence and apply the correct legal standard. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990).
 
 3. Analysis
 
 23
 Johnson argues that the ALJ determined the date of the onset of Johnson's disability without the aid of a medical advisor and thus failed to comply with Social Security Rules (SSR) 83-15 and 83-20.
 
 
 24
 In Morgan v. Sullivan, 945 F.2d 1079, 1082 (9th Cir.1991), we held that SSR 83-20 requires that: "when the evidence regarding date of onset of mental impairment is ambiguous, as it is here, the ALJ should determine the date based on an informed inference.... Such an inference is not possible without the assistance of a medical expert." In Morgan, the court remanded the case to the ALJ so that the inference of the first date of disability could be made with the help of a medical advisor.
 
 
 25
 This case is distinguishable from Morgan. In Morgan, the facts indicated that the claimant had suffered from a steadily worsening mental impairment. Thus, it was difficult to determine the onset of the date of disability.
 
 
 26
 By comparison, substantial evidence supports the ALJ's finding that the onset of Johnson's mental disability can definitely be placed in 1980-81, well after his insured status expired. Prior to 1980, mental health professionals consistently diagnosed Johnson as suffering from depression, anxiety and alcohol abuse, usually in remission. This diagnosis was confirmed by a psychiatrist, Dr. Benbow, on June 3, 1980. On July 20, 1981, Dr. Benbow added to the diagnosis that Johnson suffered from mild mental retardation, and organic brain syndrome with dementia. The ALJ found that Johnson's condition deteriorated dramatically in the 13 months between the two examinations by Dr. Benbow, prompting the ALJ to reopen and to grant the June, 1981 application for SSI. SSR 83-20 does not require the assistance of a medical expert if the onset of disability can be determined by the ALJ with reasonable precision.
 
 
 27
 Johnson argues that ALJ applied an incorrect legal standard by failing to consider the combined effect of Johnson's mental illness (anxiety, depression and alcoholism) and his physical impairments (diabetes) on his ability to work before 1976. See Sprague v. Bowen, 812 F.2d 1226, 1231 (9th Cir.1987). However, in his decision the ALJ weighed both physical and mental symptoms in findings of fact numbers 3 & 4 (Decision of May 10, 1989, at 11-12.) Johnson's contentions that the ALJ failed to make a specific finding of fact regarding alcohol abuse or properly employ the services of a vocational expert are without merit.
 
 CONCLUSION
 
 28
 The district court's grant of summary judgment in favor of the Secretary is
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Louis J. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services, Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Furthermore, Lichter v. Bowen, 814 F.2d 430, 433 (7th Cir.1987), holds that no more than one year in retroactive benefits would have been provided under the Disability Reform Act, a period for which Johnson has already received SSI
 
 
 [2]
 Given this disposition, appellant's request for fees under 28 U.S.C. 2412(d)(1)(A) is denied