15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bobbie FOREHAND, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
** Defendant-Appellee.
 No. 92-56038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 7, 1994.
 
 Before: SNEED, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Bobbie Forehand appeals the district court's grant of summary judgment affirming the decision of the Secretary of Health and Human Services. The Secretary denied Forehand's applications for Title II disability insurance benefits and Title XVI supplemental security income (SSI) benefits. Forehand's principal contentions are that the Administrative Law Judge (ALJ) improperly disregarded the opinions of several physicians, that he erred in rejecting her subjective complaints of pain, and that his finding that she was capable of performing a limited range of light work is unsupported by substantial evidence. We have jurisdiction, 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 * Both parties agree that Forehand's last insured date was June 30, 1983.[1] To be eligible for disability insurance benefits, she had to prove that she became disabled on or before that date. This possibility was foreclosed by the denial of Forehand's earlier application for SSI benefits on August 12, 1987. Forehand did not seek reconsideration of that decision, and the ALJ expressly refused to reopen it when considering her present applications. The Secretary's decision not to reopen a previous claim is not subject to judicial review unless a colorable constitutional claim is presented. Panages v. Bowen, 871 F.2d 91, 93 (9th Cir.1989). The claim "must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." Id. Forehand has raised no such claim. Therefore, the previous finding that she was not disabled at any time from 1976 to August 1987 is res judicata for the purpose of her present claims. See Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir.1985). Because she did not establish disability as of her last insured date, the ALJ properly denied her application for disability insurance benefits.
 
 II
 
 4
 With respect to Forehand's SSI application, we must determine whether she established disability between March 3, 1988, the date of her application, and September 28, 1989, the date of the ALJ's decision.[2] The burden is on the claimant to establish disability. Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 511 (9th Cir.1987). We will affirm the Secretary's decision to deny benefits if substantial evidence supports the Secretary's findings and the proper legal standards were applied. 42 U.S.C. Sec. 405(g); Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985).
 
 
 5
 Forehand argues that the ALJ erred in rejecting the opinion of Dr. Newman, her treating physician, that she was disabled. To reject the contradicted opinion of a treating physician, "the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (internal quotation omitted).
 
 
 6
 Dr. Newman stated in December 1988 that Forehand was unable to work because of her "total psychosocial and medical history." The ALJ rejected this opinion because it was "extremely vague" and not based on Dr. Newman's specific findings. In the same report, however, Dr. Newman identified a number of physical impairments, including an antalgic gait due to a three-centimeter difference in the length of Forehand's legs; deep tenderness in her right hip joint with limited range of motion; and chronic back pain. These findings are consistent with the other medical evidence of record, including x-ray and CT scan evidence, which shows the existence of a degenerative disc disease and scoliosis of the lumbar spine.
 
 
 7
 In particular, consulting orthopedist Dr. Nastasi diagnosed a "severe scoliosis deformity" when she examined Forehand in June 1989. Dr. Nastasi also noted a right antalgic gait and balance difficulties without the use of a walker. In light of these impairments, she concluded that Forehand could lift no more than five pounds frequently, and stand or walk no more than two hours in an eight-hour day. Without further elaboration, the ALJ found that Dr. Nastasi's assessment of Forehand's residual functional capacity (RFC) was "unduly and severely limited."
 
 
 8
 To the extent that Dr. Newman's opinion was based on "psychosocial" factors, it was supported by the opinion of Dr. Maze, a consulting psychiatrist who examined Forehand in June 1988. Dr. Maze offered impressions of major depression and chronic pain syndrome, and stated that the prognosis for both conditions was poor. The ALJ apparently relied on the opinion of Dr. Shin, a consulting psychiatrist who stated that Forehand had no significant work-related restrictions due to a mental impairment. We note, however, that Dr. Shin did diagnose alcohol dependence and an antisocial personality disorder.
 
 
 9
 Viewing the record as a whole, as we must, we find the ALJ's reasons for rejecting the opinions of Drs. Newman, Maze, and Nastasi to be insufficient.
 
 III
 
 10
 Forehand also argues that the ALJ improperly rejected her subjective complaints of pain. A claimant's subjective allegations of disabling pain must be supported by clinical or laboratory evidence of an underlying condition that could reasonably be expected to produce pain. 42 U.S.C. Sec. 423(d)(5)(A). The claimant need not produce medical evidence supporting the severity of the pain, only its likely existence. Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir.1991) (en banc). If the ALJ finds the claimant's allegations of excess pain are not credible, he must make specific findings supported by the record. Id. at 345-46.
 
 
 11
 Because the medical evidence shows the existence of both scoliosis and degenerative disc disease, the ALJ could not reject Forehand's allegations of debilitating pain without making specific findings. The ALJ discredited her subjective complaints because they were "exaggerated, overdrawn, and had a histrionic flavor in their presentation." While it is the province of the ALJ to make credibility determinations, he "cannot insulate ultimate conclusions regarding disability from review by turning them into questions of 'credibility.' " Jones v. Heckler, 760 F.2d 993, 997 (9th Cir.1985). Indeed, Forehand's complaints of pain are well documented in the medical reports. Contrary to the assertions of the ALJ and the magistrate judge, the reports also show that the medication and other treatment prescribed by Forehand's doctors were for the most part unsuccessful in relieving her pain.
 
 IV
 
 12
 The ALJ concluded that Forehand had a residual functional capacity (RFC) for a limited range of light work. We agree with Forehand that this RFC assessment is unsupported by substantial evidence. Social Security Ruling 88-13 interprets light work as requiring the ability to stand or walk for at least six hours in an eight-hour shift, to occasionally lift up to 20 pounds, and to frequently lift up to 10 pounds. Such requirements are inconsistent with the opinion of Dr. Nastasi and with Forehand's own testimony. Although the ALJ qualified his RFC assessment with a number of nonexertional limitations, he ignored Forehand's inability to stand more than two hours in an eight-hour day or carry more than five pounds frequently.
 
 
 13
 Because the ALJ found that Forehand could not return to her past relevant work as a salad maker, the burden shifted to the Secretary to prove that she could perform other types of work. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). The vocational expert testified that Forehand could work as a janitor, packager, or assembler. The ALJ's hypothetical question to the vocational expert was flawed, however. Not only did it ignore some of Forehand's physical restrictions, it also failed to account for her allegations of pain. Because her allegations of disabling pain were supported by the medical evidence and the ALJ failed to provide clear and convincing reasons for rejecting them, Forehand's pain should have formed part of the hypothetical question posed to the vocational expert. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984). Where the hypothetical question does not reflect all of the claimant's limitations, the expert's opinion has no evidentiary value and cannot support the ALJ's decision. Embrey, 849 F.2d at 423.
 
 V
 
 14
 The ALJ's failure to make sufficient findings for rejecting Forehand's excess pain testimony and the opinions of her physicians requires reversal of his decision. On the record before us, we cannot determine whether Forehand sustained her burden of proving disability during the relevant period. We therefore reverse the district court's grant of summary judgment and remand for further proceedings consistent with this memorandum.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala has been substituted for Louis W. Sullivan pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ALJ incorrectly stated Forehand's last insured date was September 30, 1983. Inasmuch as this error gave her an additional three months to establish disability, it was immaterial and therefore harmless. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir.1991) (applying harmless error rule to ALJ's immaterial error)
 
 
 [2]
 We note that in September 1990, Forehand filed a new application for SSI benefits and was found disabled as of June 1, 1991. For the purposes of this appeal, however, the period for our consideration ends with the date of the Secretary's final decision on September 28, 1989. See Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 511-12 (9th Cir.1987) (deterioration of claimant's condition after hearing before ALJ was material to his new application but not to ALJ's decision before the court for review)