105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Esther ROBLEDO, Petitioner-Appellant,
v.
Shirley S. CHATER, Commissioner,*
Respondent-Appellee.
 No. 95-55971.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.**
Decided Jan. 13, 1997.
 
 Before: GOODWIN, WIGGINS, NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Esther Robledo appeals the district court's judgment affirming the denial of her application for supplemental security income ("SSI") benefits by the Commissioner of the Social Security Administration ("Commissioner"). We affirm.
 
 
 3
 Robledo filed an application for SSI benefits in December 1988. The ALJ refused to consider her claims of physical impairment because he found that the Commissioner's decision on Robledo's 1987 application for social security benefits was res judicata on these claims. The ALJ also found that there was no credible documentary evidence to verify Robledo's claims of mental impairment. Finally, the ALJ found that Robledo was able to perform her previous work as a clerk-typist.
 
 
 4
 We review de novo a district court order granting summary judgment in favor of the Commissioner. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The scope of our review is limited: we must affirm the judgment if the Commissioner's determination is supported by substantial evidence and the Commissioner applied the correct legal standards. Id. When reviewing the Commissioner's factual determinations (as made by the ALJ) regarding an individual's disability, we affirm if "substantial evidence" supports the determinations. Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir.1996). Substantial evidence is more than a mere scintilla but less than a preponderance. Id. at 522.
 
 
 5
 To obtain SSI benefits, Robledo had to demonstrate that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Robledo had the burden of demonstrating that she had a disability which prevented her from performing her previous job. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993).
 
 
 6
 Although she is appealing the denial of her 1988 application, Robledo attempts to revive her 1987 application. All three ALJ decisions denying her 1988 application for SSI benefits relied in part on the res judicata effect of the Commissioner's decision on her 1987 application. Robledo argues that her certified letter to the Appeals Council prevents the Commissioner from relying on the res judicata effect of the earlier decision.
 
 
 7
 We reject Robledo's argument. The applicable regulations give the Appeals Council considerable discretion in reviewing requests for extensions of time like Robledo's. See 20 C.F.R. §§ 404.911, 404.982, 416.1411, 404.1482 (1996). Accordingly, even if the Appeals Council rejected Robledo's request outright, such a discretionary decision would likely be unreviewable by this court. See Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir.1985) (holding that the agency's discretionary decisions are not reviewable).
 
 
 8
 Furthermore, even if Robledo's certified letter is treated as an "implied" request to reopen proceedings on her 1987 application, the agency's decision not to reopen a prior determination is not judicially reviewable absent a colorable constitutional claim. Panages v. Bowen, 871 F.2d 91, 93 (9th Cir.1989). Such a constitutional claim "must relate to the manner or means by which the Secretary decided not to reopen the prior decision." Id. Robledo's implied request for a reopening does not raise such a colorable constitutional claim.
 
 
 9
 The Commissioner denied Robledo's 1987 application for benefits because she concluded that Robledo's alleged physical impairments did not prevent her from performing her previous work. "[R]es judicata applies to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision." Taylor, 765 F.2d at 876. Robledo did not seek judicial review of the denial of her 1987 application for benefits. Accordingly, the Commissioner's conclusion that Robledo was capable of performing the duties of her previous work created a presumption of continuing non-disability. Id. at 875. As a result, to be successful on her claims of physical impairment in her 1988 application, Robledo had the burden of showing "changed circumstances," that is, she had to show that her impairments had become more severe since the date of the earlier decision. Brawner v. Secretary of Health & Human Servs., 839 F.2d 432, 433 (9th Cir.1988).
 
 
 10
 To the extent Robledo presented new evidence that her physical impairments prevented her from working, the Commissioner considered and rejected these claims. In particular, ALJ Rubin concluded that Robledo's subjective complaints were not credible in light of the lack of objective medical evidence to support her complaints. Furthermore, Robledo does not cite to any evidence in the administrative record showing that her condition became more severe after her 1987 application was denied. We therefore conclude that Robledo has not met her burden of showing "changed circumstances" sufficient to rebut the presumption of continuing non-disability.
 
 
 11
 Robledo's 1988 application contained a new claim of mental impairment. The reports in the administrative record reached different conclusions about the effect of Robledo's mental health on her ability to work. While Dr. Di Ciaula concluded that Robledo was suffering from a depressive disorder, Dr. Granzow concluded that she had no significant psychiatric limitations. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Thus, we cannot revisit the ALJ's decision favoring Dr. Granzow's testimony. The ALJ's conclusion that Robledo did not suffer from a mental impairment is based upon substantial evidence.
 
 
 12
 Robledo argues that the ALJ erred by not requiring the Commissioner to produce vocational evidence showing that Robledo could in fact obtain employment. However, the testimony of a vocational expert is only necessary "when the claimant has shown that he or she cannot perform any previous relevant work." Miller v. Heckler, 770 F.2d 845, 850 (9th Cir.1985). As discussed above, Robledo did not show that she was unable to perform her previous relevant work. The services of a vocational expert were not required.
 
 
 13
 Robledo also argues that the ALJ failed to consider the combined impact of her various impairments. Even when the combined effect of Robledo's impairments are considered, the evidence in the administrative record does not support the finding that Robledo was unable to perform her previous work.
 
 
 14
 Finally, Robledo argues that the Commissioner failed to consider her advanced age. She asserts that under 20 C.F.R. § 404.1563, the Commissioner should not have concluded that she was able to adjust to sedentary or light work unless she had highly marketable skills. This argument overlooks the critical fact that plaintiff did not sustain her initial burden of proving that she could not perform her previous work. Because the ALJ concluded that Robledo was able to perform her previous work, he did not have to assess the impact of her age on her residual functional capacity. See 20 C.F.R. § 404.1520.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3