**Veronica BROWN, Plaintiff,**

**v.**

**Kenneth S. APFEL, Commissioner, Social Security Administration,[1] Defendant.**

**No. Civ. 97–850–FR.**

United States District Court, D. Oregon.

Jan. 27, 1998.

---

**1.** Kenneth S. Apfel was sworn in as Commissioner of the Social Security Administration on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel is therefore substituted for Acting Commissioner John J. Callahan as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Sara L. Gabin, Lake Oswego, OR, for Plaintiff.

Kristine Olson, United States Attorney, Craig J. Casey, Assistant United States Attorney, Portland, OR, Richard H. Wetmore, Special Assistant United States Attorney, Social Security Administration, Seattle, WA, for Defendant.

## OPINION

FRYE, District Judge.

The matters before this court are 1) the defendant's motion to dismiss for lack of jurisdiction (# 7); 2) the plaintiff's motion for an order allowing plaintiff leave to amend her complaint (# 10); and 3) the plaintiff's motion for summary judgment (# 12).

## BACKGROUND

The plaintiff, Veronica Brown, filed this action for judicial review of the denial of the defendant, Commissioner, Social Security Administration, of her request to reopen her prior applications for disability benefits under Title II and for Supplemental Security Income benefits under Title XVI.

## FACTS

In April of 1984, Brown filed a claim for a period of disability and disability insurance benefits under Title II and a claim for supplemental security income benefits under Title XVI alleging mental disability. At the time of the filing, Brown was thirty-eight years old. Brown had completed high school, one year of college, and beauty school. Brown's "date last insured" for Title II benefits was and is December 31, 1982.

On May 10, 1984, a Title II Determination was issued to Brown denying her claim for a period of disability and disability insurance benefits under Title II. This Title II Determination informed Brown that she did not meet the earnings requirements for disability on October 2, 1983, the onset date of the disability alleged by Brown, because her "date last insured" for Title II benefits was December 31, 1982. Accordingly, she was not entitled to disability benefits under Title II. This notice did not contain language informing Brown of her right to appeal from this determination.

On July 26, 1984, a Title II Determination was issued to Brown notifying her that she was not entitled to Supplemental Security Income benefits under Title XVI. The Title II Determination informed Brown of her right to seek reconsideration, in part, as follows:

> If your condition gets worse, you may file a new application for Supplemental Security Income payments.
> If at any time in the future you think you qualify for payment, please contact us immediately about filing a new application. We cannot make payment for any month before the month in which you apply.
>
> . . . .
>
> IF YOU STILL ARE NOT SATISFIED WITH THE DECISION, YOU HAVE THE RIGHT TO APPEAL. THE FIRST STEP IN THE APPEALS PROCESS IS CALLED RECONSIDERATION. *YOU MUST REQUEST THE RECONSIDERATION IN WRITING WITHIN 60 DAYS FROM THE DATE YOU RECEIVE THIS NOTICE.* IF YOU CANNOT SEND U.S. A WRITTEN REQUEST FOR A RECONSIDERATION WITHIN

60 DAYS, BE SURE TO CONTACT U.S. BY PHONE. IF YOU WAIT LONGER THAN 60 DAYS, WE WILL NOT RECONSIDER YOUR CASE UNLESS YOU HAVE A GOOD REASON FOR THE DELAY.

Tr. 143–44 (emphasis in original).

Brown did not appeal from either of these determinations.

On July 1, 1993, Brown submitted another application for Supplemental Security Income benefits under Title XVI. Her claim was denied, and she requested a hearing on appeal. As part of her appeal, Brown also requested that all of the prior determinations be reopened.

On July 6, 1995, Brown requested that the Administrative Law Judge reconsider the reopening of her prior claims.

On July 21, 1995, a fully favorable decision was issued by the Administrative Law Judge finding that since Brown had been under a disability as of July 1, 1993, she was entitled to Supplemental Security Income benefits from that date under Title XVI.

On August 21, 1995, a request for Appeals Council review was filed.

On June 14, 1996, A "Notice of Planned Action" pursuant to the Contract with America Advancement Act of 1996, Section 105(a) and (b)(1) of Pub.L. 104–121, was issued to Brown seeking to terminate her benefits on the grounds that alcohol and/or drug addiction were contributing factors material to her disability. Brown duly appealed this notice.

On January 21, 1997, a notice was issued that drug addiction was not a material contributing factor to Brown's disability. This notice was issued in reliance upon the report of Charles Reagan, M.D., who had noted that Brown had been sober for the last six years, and that her cocaine abuse was in remission. Dr. Reagan concluded that Brown was disabled because of a "Schizoaffective disorder." Dr. Reagan's report, p. 4 (copy attached to Supplemental Exhibit 1 to Plaintiff's Memorandum in Support of Motion for Summary Judgment).

On March 25, 1997, an amended request for review was filed by Brown who sought to make sure that her request for review by the Appeals Council applied to the determinations of May 10, 1984 and July 26, 1984.

On April 11, 1997, the Appeals Council denied Brown's amended request for review as to both the May 10, 1984 and the July 26, 1984 determinations. Tr. 3.

As to the May 10, 1984 determination that Brown was not entitled to disability benefits under Title II, the Appeals Council concluded that Brown "did not meet the disability insured status requirements of the Act on October 2, 1983, your alleged onset date," and that "[n]o allegation has been made or evidence submitted to show that this determination was incorrect." Tr. 3. As to the July 26, 1984 determination that Brown was not entitled to Supplemental Security Income benefits under Title XVI, the "Appeals Council conclude[d] that there is no good cause or any other basis upon which to reopen the prior determination of July 26, 1984." Tr. 4.

Brown is now receiving Supplemental Security Income benefits under Title XVI based upon the application she filed on July 1, 1993.

## CONTENTIONS OF THE COMMISSIONER

The Commissioner contends that this action should be dismissed on the grounds that, absent a colorable constitutional claim, this court does not have subject matter jurisdiction to review the denial by the Commissioner of the Social Security Administration of a request to reopen an action. The Commissioner further contends that even if the court has subject matter jurisdiction to review the denial of a request to reopen a prior determination or determinations, the decision not to reopen the prior determination or determinations is supported by substantial evidence.

Finally, the Commissioner contends that this action should be dismissed for lack of subject matter jurisdiction pursuant to the provisions of the Contract with America Advancement Act of 1996, Section 105(a) and (b)(1) of Pub.L. 104–121, which preclude an award of benefits where alcohol and drug addiction are "material" to the findings of disability.

## CONTENTIONS OF VERONICA BROWN

Veronica Brown contends that she has presented colorable constitutional claims for reopening the prior determinations which confer subject matter jurisdiction upon this court. Brown contends that the notices of determination of May 10, 1984 and of July 26, 1984 were deficient under *Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir.1990), in that they failed to adequately inform her of the finality of those decisions if they are not timely appealed. Brown contends that there is no issue of fact or law as to this matter, and that her request to reopen the prior determinations should be granted as a matter of law.

In the alternative, Brown contends that if the court decides that a prior determination gives adequate notice, she has raised a *prima facie* claim that she was unable to assert her right to appeal as a result of her mental illness, and that the court should remand this case for a supplemental hearing to examine the merits of her claim of mental illness.

## APPLICABLE LAW

Absent a colorable constitutional claim, this court has no subject matter jurisdiction to review the denial of Brown's request to reopen. Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g); *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). A colorable constitutional claim that the decision not to reopen violated the Due Process Clause of the Fifth Amendment is made where the claimant contends that the notice of the determination does not clearly indicate that if no request for reconsideration is made, the determination is final. *Gonzalez, supra,* 914 F.2d at 1203.

Brown has the burden of providing the evidence needed to establish her entitlement to reopen. *See Panages v. Bowen,* 871 F.2d 91, 93 (9th Cir.1989), citing *Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir.1984).

20 C.F.R. § 404.988 provides, in part, that:

A determination, revised determination, decision, or revised decision may be reopened—

. . . .

(c) At any time if—

(1) It was obtained by fraud or similar fault . . .

. . . .

(8) It is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made. . . .

## ANALYSIS

The Commissioner does not oppose Brown's motion for an order allowing leave to amend her complaint to specify that she appeals from both the administrative determination of May 10, 1984 denying her claim for Title II benefits and from the administrative determination of July 26, 1984 denying her claim for Title XVI benefits. The amendment is allowed.

The issues before this court are 1) whether the court has jurisdiction to review the decisions of the Commissioner not to reopen the final determinations of May 10, 1984 and July 26, 1984; and 2) if the court has jurisdiction to review those final determinations, whether the decision of the Commissioner not to reopen the final determinations of May 10, 1984 and July 26, 1984 is supported by the facts and the law.

*Subject Matter Jurisdiction*

■ Brown claims that the final determinations of May 10, 1984 and July 26, 1984 failed to inform her of the finality of the determinations if she did not file appeals from those determinations in a timely fashion. This court has jurisdiction to determine whether each final determination violated the Due Process Clause of the Fifth Amendment on the grounds that each determination failed to clearly indicate that if no request for reconsideration is made, the determination is final. *Gonzalez, supra,* 914 F.2d at 1203.

*May 10, 1984 Title II Determination*

The Commissioner concedes that the notice of determination of May 10, 1984 was deficient under *Gonzalez,* but argues that reopening is nonetheless not required because Brown's application for disability benefits under Title II failed to allege an onset date prior to December 31, 1982, the date

that she was last insured. Brown does not dispute the fact that the onset date of her alleged disability is ten months after the date that she was last insured. Brown contends, however, that the correct course of action is for this court to remand the case so that the Administrative Law Judge may take the action which would have been appropriate had she filed a timely appeal. Brown contends that upon remand, the Administrative Law Judge is required to develop a record in order to infer an onset date using 1) the claimant's own contention; 2) the claimant's work history; and 3) the medical evidence.

Brown states in her memorandum in support of her motion for summary judgment that "the medical evidence of mental disability before June 18, 1985 is sparse at best. There is no evidence which shows that plaintiff was or was not disabled prior to her [date last insured]." *Id.* at 9.

■ Brown has claimed an onset date of October 2, 1983, ten months after the December 31, 1982 date upon which she was last insured. Brown states that there is no medical evidence which shows that she was disabled prior to December 31, 1982. Brown has not presented any evidence to support a claim that the onset date she alleged was incorrect or that she was unable to appeal as a result of mental illness. Under these facts, there are no grounds to remand in order to infer an earlier onset date or to determine whether Brown was unable to assert her right to appeal as a result of mental illness. Neither the facts nor the law require that the Commissioner reopen the determination of May 10, 1984 that Brown was not entitled to Title II disability benefits.

*July 26, 1984 Title XVI Determination*

The Commissioner contends that the determination notice of July 26, 1984 was adequate to inform Brown that the decision was final if she did not appeal. The Commissioner relies upon the language of the determination notice of July 26, 1984, which states: "If at any time in the future you think you qualify for payment, please contact us immediately about filing a new application. We cannot make payment for any month before the month in which you apply." Tr. 143. The Commissioner contends that Brown filed a new application, and that she had been informed that she could not be paid based on the new application for any month before the month in which she filed the new application.

In *Gonzalez,* the notice provided to the claimant stated, in part: "If you do not request reconsideration of your case within the prescribed time period, you still have the right to file another application at any time" 914 F.2d at 1203. The United States Court of Appeals for the Ninth Circuit found that this language violated the claimant's Fifth Amendment right to procedural due process because it did not "clearly indicate that if no request for reconsideration is made, the determination is final." *Id.*

■ In this case, the determination notice of July 26, 1984 informed Brown that if she made no request for reconsideration, she could file a new application, but that she could not be paid based on the new application for any month before the month in which she filed the new application. The determination notice of July 26, 1984 accurately informed Brown of her right to appeal and the consequences of failing to appeal. The determination notice of July 26, 1984 did not violate her Fifth Amendment right to due process. There are no further grounds set forth by Brown which would require that the Commissioner reopen the determination of July 26, 1984 as a matter of law.

### CONCLUSION

The defendant's motion to dismiss for lack of jurisdiction (# 7) is denied. The plaintiff's motion for an order allowing plaintiff leave to amend her complaint (# 10) is granted. The plaintiff's motion for summary judgment (# 12) is denied.

The decision of the Commissioner of April 11, 1997 not to reopen the plaintiff's prior applications is affirmed. Judgment will be entered for the defendant.