**Lori NEUGEBAUER, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 04–55018.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Nov. 17, 2005.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Jean M. Turk, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Lori Neugebauer appeals the district court's judgment affirming the Social Security Commissioner's denial of Title II disability benefits. We affirm.

The district court lacked jurisdiction to review the Commissioner's decision not to reopen Neugebauer's first administrative action, in which she did not prevail and which she did not appeal. Although Neu-

gebauer could have appealed the denial of her disability claim itself as a final agency action, 42 U.S.C. § 405(g), the Commissioner's decision not to reopen a prior disability determination is purely discretionary and may not be reviewed by the district court. 20 C.F.R. § 404.903(1).

Nor can Neugebauer claim exception based on a colorable constitutional claim. *See Califano v. Sanders,* 430 U.S. 99, 108–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Panages v. Bowen,* 871 F.2d 91, 93 (9th Cir.1989). Neugebauer's contention that the failure to produce the doctor's consultative report, as part of the prior application file, violated her due process rights fails because the ALJ had no duty to obtain evidence of disability. That burden is on the claimant. *See* 20 C.F.R. § 404.1512(a).

Neugebauer's challenge to the Commissioner's denial of her second claim for benefits as unsupported by substantial evidence also fails. The ALJ properly considered the cumulative effects of obesity in combination with her back pain, as directed by 20 C.F.R. § 404.1526(a). *See also Lester v. Chater,* 81 F.3d 821, 829 (9th Cir.1995) *as amended* (April 9, 1996). The record demonstrates that the ALJ considered both Neugebauer's obesity and degenerative disc disease in detail. Absent clinical findings and objective evidence that her impairments met or equaled a disability listing, there is sufficient basis in the record to support the ALJ's decision denying benefits.

Finally, the ALJ's determination that Neugebauer could return to her past work was supported by substantial evidence. Contrary to Neugebauer's assertion, the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ALJ was free to make an adverse credibility finding based on the evidence in the record. *See, e.g., Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989); *Rollins v. Massanari,* 261 F.3d 853, 856–57 (9th Cir.2001). Similarly, the ALJ was free to rely on non-treating agency physician reports that contained specific clinical support. *See Morgan v. Apfel,* 169 F.3d 595, 600 (9th Cir. 1999). None of Neugebauer's treating physicians stated any functional limitations regarding her back or obesity problems, and the Vocational Expert's testimony that Neugebauer could return to her past work as a secretary substantiates the denial of disability benefits. The district court's order affirming the Commissioner's denial of benefits was proper.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.